CHARLES H. BOYD *vs.* JOHN CRONAN.

Cumberland.     Opinion July 1, 1880.

*R. S.*, c. 82, § 21.    *Costs as affected by offer of default in trespass quare clausum.*

Under R. S., c. 82, § 21, an offer of default may be made in an action of trespass
  *quare clausum fregit*, with the usual effect of such an offer upon the taxation
  of costs.  Such an action is a personal action, within the meaning of that
  statute.

ON EXCEPTIONS from superior court, Cumberland county.

ACTION OF TRESPASS *quare clausum* entered at the April term,
1878.  On the fourteenth day of that term the defendant appeared
and offered to be defaulted for $20, and the court ordered the
offer to be accepted, if at all, before the first day of the next
term.    The case was tried at the February term, 1879, and, the
verdict of the jury being for plaintiff for only $4.06, the court
ruled that the plaintiff was entitled to costs only to the time of
the offer to be defaulted, and the defendant was entitled to costs
against the plaintiff after that time.    To this ruling the plaintiff
excepted.

*Webb & Haskell*, for the plaintiff.

At common law a plea of tender was not good in actions for
the recovery of unliquidated damages.   *Hodges* v. *Litchfield*, 9
Bingham, 713 ; *Fail* v. *Pickford*, 2 Bos. & P. 234 ; *Strong* v.
*Simpson*, 3 Bos. & P. 14 ; *Hallett* v. *East India Co.* 2 Burr.
1120 ; *Salt* v. *Salt*, 8 Term R. 47.

But the legislature changed the common law for the benefit of
involuntary trespassers by R. S., c. 82, § 20, and that is as far as
the legislature intended to go in an action of trespass ; § 21,
which was enacted in its present form in 1870, cannot also apply
to actions of trespass.   It couldn't have been the intention of the
legislature to put wicked, willful trespassers on an equal footing
with involuntary trespassers, and repeal by implication or sup-
plant the provisions of § 20.   Yet that would be its effect if the
ruling of the court in this case, upon the questions of costs, is
sustained.   See *Commonwealth* v. *Flannelly*, 15 Gray, 195 ;

*Howard* v. *Harris*, 8 Allen, 298; *Commonwealth* v. *Dracut*, 8 Gray, 455; *Byron's Case*, 57 Maine, 343.

*F. C. & C. H. Nash*, for the defendant.

PETERS, J. Under R. S., c. 82, § 21, an offer of default may be made in any personal action, with the usual effect of such an offer upon the taxation of costs. Does this privilege apply to an action of trespass *qu. cl. fregit?* We think it does. *Linscott* v. *Fuller*, 57 Maine, 406, decides that such an action is so far a personal action as to allow it to be commenced by trustee process.

It is a personal and local action in contradistinction from a personal and transitory action. *Gordon* v. *Merry*, 65 Maine, 168. Bouvier says: "A personal action is one brought for damages or other redress for breach of contract, or for injuries of every other description; the specific recovery of lands, tenements and hereditaments only excepted."

Section 21 is not inconsistent with section 20 of the same chapter. That section authorizes an involuntary trespasser to tender amends before action brought, or to bring money into court after the action is entered. Those privileges are not accorded to the voluntary or willful trespasser. But any trespasser may offer to be defaulted, under the provisions of section 21. The two modes of remedy provided by the two sections are independent of each other. The one is in addition to the other, and not opposed to it.

It is contended, that this is, within the meaning of the statute, a real action, because full costs are to be taxed irrespective of the amount of damages recoverable. But full costs are not allowed because the action is real, but because it is a personal action affecting real estate. The law allows full costs in all real actions, and also in all personal actions in which the reality is involved. Section 21 no more excludes from its operation one kind of personal action than another. It includes any and all personal actions. The language is comprehensive.

Nor do we see any propriety in making the exception. It, admittedly, applies to cases of personal injuries of every character, however wanton and malicious, where there can be no more

justification for its adoption than in suits for injuries to real estate.
We think the statute, as interpreted by us, will have a beneficial
effect.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH and LIBBEY, JJ.,
concurred.