## EMIL ROSENBERGER, Appellant, v. CHARLES D. HARPER, Respondent.

### St. Louis Court of Appeals, February 13, 1900.

1. Costs: PERSONAL ASSAULT: TENDER OF JUDGMENT: UNDER SECTION 2191 REVISED STATUTES 1889. Suit for damages on account of a personal assault, aided by the process of attachment, grounded on the commission of a felony or misdemeanor. A tender was made in writing by defendant, for twenty five dollars under section 2191 Revised Statutes 1889; after which a plea in abatement was filed, also answer to the merits. The attachment was sustained, and verdict on the trial of merits returned for plaintiff for five dollars, on which plaintiff had judgment against defendant for five dollars for his damages and his costs up to date of the tender of judgment, but all costs thereafter were adjudged against him: Held, that the trial court was right in adjudging that all costs incurred in the case, after tender of judgment should be taxed against plaintiff under the provision of section 2191 above quoted.

2. ——: ——: TAXED UNDER SECTION 2937 AND 2939 REVISED STATUTES 1889. A tender before suit, continued during litigation, if plaintiff recovers no more or less than the amount tendered, determines all costs against the plaintiff, the same as if judgment had gone against him on the merits; if a tender and deposit be made after suit, and plaintiff recovers no more than the tender, he must pay all costs accruing subsequent to such tender.

Rosenberger v. Harper.

JUDGE BIGG'S SEPARATE OPINION.

3. ———: ———: SECTION 2191, REVISED STATUTES 1889 CON-
STRUED. Under section 2191 offer of compromise, if not accepted
must be considered as having been withdrawn without benefit to
plaintiff, and the court should adjudge against defendant only the
payment of the costs incurred after the tender of judgment—the
statute being intended to encourage settlements, should be admin-
istered according to its strict language.

Appeal from the Pike Circuit Court—*Hon. Reuben F. Roy,*
Judge.

AFFIRMED.

*W. W. Fry* for appellant.

(1) This was a proceeding by attachment; had the court
the right to tax all costs against the plaintiff accrued after the
date the tender was made? (2) In no event is the plaintiff
liable for any costs except the defendant's accrued after the
tender was made, namely the costs of his subpoenas and the
service of the same together with the defendant's witnesses
fees and no other. (3) But should any of the costs have
been taxed against the plaintiff unless the offer was accom-
panied with the proviso that the attachment should be sus-
tained? (4) Appellant for the sake of peace was willing in
the court below to pay all the defendant's cost including the
defendant's costs in the attachment proceedings, but now he
stands on his rights.

ARGUMENT.

This case requires the construction of section 2191 which
was never directly before the appellate courts. In two cases
it was indirectly before the court. Emmons v. Gordon, 125
Mo. 636 and Enos v. Railroad, 41 Mo. App. 269. If the
legislature intended that the plaintiff should pay all costs
accrued after the tender, it would have said so, it said all costs

at other places, see sections 6212 and 6214. But section 2191 under which this tender was made says "he shall pay the defendant's costs from the time of the offer," that is to say the subpoenas for the defendant's witnesses and the services of the same and the witness fees for the defendant's witnesses.

*J. D. Barnett* for respondent.

(1) The tender was sufficient under section 2191 Revised Statutes 1889. A tender of judgment of necessity means a judgment to correspond with the petition. If the petition was in attachment, it involved a judgment sustaining the attachment, providing that the record at the time of the tender showed that an attachment was pending. (2) The abstract gives date of service of tender of judgment April 24, 1897, and of verdict sustaining attachment June, 1898. It can not now be presumed that any attachment writ had been issued or levied when tender of judgment was served. The abstract is silent. (3) Under section 2191 a defendant can relieve himself of the burden of future costs by tendering the plaintiff the right to have judgment entered against him. If the amount of judgment tendered exceeds the amount finally recovered, the plaintiff must pay all costs subsequent to the tender. The object of the statute is to discourage and prevent frivolous litigation.

BIGGS, J.—This is an action for damages with an attachment in aid. There was a plea in abatement, and while it was pending, to wit, on the twenty-fourth day of April, 1897, the defendant made a written offer under section 2191 of the Revised Statutes of 1889, to allow a judgment to go against him for twenty-five dollars. The plaintiff declined the offer. Subsequently the attachment was sustained, and upon a trial on the merits the plaintiff recovered a verdict for five dollars. The judgment entry recites the offer of defendant, and the

court adjudged that the plaintiff pay all costs in the case incurred subsequent to the offer. The plaintiff filed motions for new trial, in arrest of judgment, and to modify the judgment in respect of the costs. All of the motions were overruled and exceptions saved. The plaintiff has appealed and waives all objections, except as to that portion of the judgment awarding a portion of the costs against him.

The latter clause of section 2191, *supra* reads: "If the notice of acceptance be not given, the offer shall be deemed withdrawn, and shall not be given in evidence or commented on before a jury; and if the plaintiff fail to obtain a more favorable judgment, he shall pay the defendant's costs from the time of the offer."

This statute has not to our knowledge been directly construed by any of the appellate courts of the state. The appellant insists (1) that the written offer was insufficient in that it failed to mention the attachment; and (2) that under any circumstances only the costs incurred by the defendant subsequent to the notice could be taxed against appellant.

The first contention is untenable. The written offer to allow a judgment to go on the merits was equivalent to an offer to withdraw the plea in abatement and to allow the attachment to be sustained.

As to the second proposition, my associates are also of the opinion that the plaintiff is wrong. In their opinion the costs incurred by defendant after the offer, were properly taxed against the plaintiff under the express provision of the statute above quoted, and that as the costs incurred by plaintiff thereafter, were useless or unnecessary, they were properly taxed against him under the general statute regulating costs. I can not agree to this. The plaintiff recovered less than the amount offered, and under the plain reading of the statute he was liable for the costs only made by the defendant after the offer of compromise. When the section is compared with

others of like character, the limitation contended for by the appellant is apparent. . In cases of tender before suit and which is continued during the litigation, the plaintiff if he recovers no more or less than the amount tendered, shall be taxed with all costs as if the judgment had gone against him on the merits. Section 2937, R. S. 1889. If the tender and deposit are made after the suit and the plaintiff recovers no more than the tender, he must pay all costs subsequently accruing. Sec. 2939, R. S. 1889. These statutes concerning the payment of costs are highly equitable, for in the case first provided for the plaintiff's debt is always available to him, and he runs no risk in finally losing it. In the other case a like condition exists after the deposit, and it is but just in both cases that all costs of the litigation should be taxed against the plaintiff. But under section 2191, the offer of compromise, if not accepted, must be considered as having been withdrawn, and the plaintiff is to receive no benefit therefrom. He may be eventually defeated in the collection of the amount he does recover. The only penalty imposed by the statute against the plaintiff in such a case is the payment of the costs incurred by defendant after the offer of compromise. To this extent it is perhaps a just enactment. Under the general statutes the defendant, being the losing party, must pay all the costs, but to induce litigants to compromise their differences section 2191 was enacted. This modification of the general statutes (which declares the general legislative policy of the state) should be administered according to the strict language of the section.

Under my views the judgment is wrong, but under the opinion of my associates it should be affirmed. It is so ordered.