ADAMS v. PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY ET AL.

[No. 20,461.   Filed June 20, 1905.   Rehearing denied and mandate modified December 14, 1905.]

1.  PLEADING. — Answer.—Avoidance.—Argumentative Denial.— An answer which admits and avoids certain allegations of the complaint and denies others is good as an argumentative denial. p. 651.

2.  SAME.—Answer.—Failure to Prove.—Rulings on.—The failure of the defendant to prove the facts set out in a paragraph of answer renders harmless an alleged erroneous ruling on the demurrer to such paragraph.   p. 653.

3.  SAME.—Reply.—Sustaining Demurrer to Paragraph Where Facts Admissible under Another.—Sustaining a demurrer to a paragraph of reply where the facts therein are provable under another paragraph is harmless error.   p. 654.

4.  APPEAL AND ERROR.—Special Findings.—Conclusiveness.—On appeal, the special findings are presumed to contain all of the facts proved.   p. 654.

5.  SAME.—Special Findings.—Conclusions of Law.—How Made Part of Record.—Where the special findings and conclusions of law were signed by the trial judge and entered in the court's order-book as prescribed by §560 Burns 1901, §551 R. S. 1881, they are a part of the record on appeal.   p. 655.

6.  SAME.—Conclusions of Law.—Exceptions.—Where there is no entry of an exception to the conclusions of law in the court's order-book, no question thereon can be raised, a recital of an exception to such conclusions in the bill of exceptions being insufficient.   p. 656.

7.  SAME.—Conclusions of Law.—Assignments of Error Thereon. —Where no assignment of error challenges any of the conclusions of law, no question can be raised thereon.   p. 656.

8.  SAME.—Lateral Railroads.—Constitutional Law.—Avoidance of Decision on, When Unnecessary.—Where plaintiff's lands were trespassed upon by a railroad company and soil taken by an excavation, without any attempt, as against plaintiff, to condemn same, and the plaintiff brings an action for an abatement of the nuisance and for damages, the constitutionality of the statute (§§5274-5280 Burns 1901, §§3987-3993 R. S. 1881) providing for the construction of lateral railroads can not be raised, plaintiff's relief being the same regardless of the way such question should be decided.   p. 656.

Adams *v.* Pittsburgh, etc., R. Co.—165 Ind. 648.

9. APPEAL AND ERROR.—*Bill of Exceptions.—Record.*—Where, on June 30, an entry shows the filing of the reporter's longhand manuscript, but such manuscript is not set out, but a citation to the transcript, where such manuscript is found, follows; and on the same day another entry was made showing the filing of the bill of exceptions, whereupon follows the judge's certificate, after which, some blank pages intervening, there appears the longhand manuscript signed by the reporter but not signed by the judge, no sufficient bill of exceptions is shown, and no question depending thereon will be considered. ·p. 657.

10. TRIAL.—*Offer to Confess ˙ Judgment.—Refusal to Accept.— Costs.—Statutes.*—Where defendants offered to confess judgment, as provided by §522 Burns 1901, §514 R. S. 1881, but such offer was refused and the plaintiff failed to recover as much as such offer, the defendants are entitled to recover costs accruing after such offer. p. 658.

11. SAME.—*Conclusions. of Law.—Motion to Modify.*—Motions to modify conclusions of law are not recognized by our procedure. p. 658.

From Shelby Circuit Court; *Douglas Morris,* Judge.

Action by Aurilla V. P. Adams against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company and others. From a judgment for plaintiff for less than her claim, she appeals. *Affirmed.*

*T. B. Adams, Hord & Adams* and *J. F. Walker,* for appellant.

*M. Z. Stannard* and *Carter & Morrison,* for appellees.

JORDAN, J.—Appellees have filed a motion to dismiss this appeal, for the alleged reasons that appellant has failed to comply with certain rules of this court and with other requirements of appellate procedure. We have concluded, however, to overrule the motion to dismiss, and consider the appeal on its merits.

This action was commenced by appellant against appellees by a complaint of three paragraphs. By the first she sought to secure the abatement of an alleged nuisance, and a recovery of incidental damages. The nuisance in question consisted of an excavation made by appellees in a public highway, known as the "Columbus & Shelbyville

Gravel Road." By reason of this excavation she was deprived of ingress to and egress from her lands. The second paragraph is substantially the same as the first, except, in addition, it alleges that appellees constructed or cut ditches on the west and east sides of said gravel road, thereby turning to the north the water which formerly flowed south on the surface of said road. This water formed a pool at a gate which was used as an entrance to appellant's premises, etc. This paragraph alleges that appellant's land has been damaged in the sum of $5,000, for which she demands judgment.

The third paragraph contains all of the averments of the second, and alleges, in addition, that a street lying immediately north of appellant's land has been obstructed by appellees. This street, as averred, extends sixty rods west, and the east end thereof connects with the public highway. It is alleged in this paragraph that the only claim or right that appellees had for making an entry onto said road and real estate and doing the acts complained of is under and by virtue of an act of the legislature of the State of Indiana, entitled "An act providing for the location, construction, and use of lateral railroads," etc., approved April 29, 1869. Acts 1869, p. 97, §§5274-5280 Burns 1901, §§3987-3993 R. S. 1881. It is alleged that appellees proceeded under said act to file a petition in the circuit court, setting forth therein the names of Conrey & Forster Furniture Company, Conrey & Birely Table Company, Speigle Furniture Company, and Hodell Furniture Company; that such proceedings were had as resulted in commissioners being appointed to assess damages to the defendants named in said petition; that the court confirmed the report made by the commissioners, and assessed the damages in favor of the owners of said real estate, etc.; that plaintiff was not a party in any way to said condemnation proceedings, and the damages which would result to her by reason of cut-

ting down said Columbus Gravel Road at the point where said lateral railroad crossed said highway, and in making the excavations and removing the earth from her land, were neither assessed by the commissioners nor agreed upon between her and said defendants. It is averred that appellees filed a petition before the Board of Commissioners of the County of Shelby for permission to run said lateral railroad over said gravel road; that no notice was given either to the plaintiff or to the public of the filing of said petition; that the commissioners granted appellees the right to run and build said railroad across said public highway, but did not grant them any right to cut through said highway and make said excavations; that the above and foregoing proceedings were all the authority which the defendants had to do the acts complained of, and plaintiff alleges that said statute is *ultra vires,* unconstitutional and invalid, and that all the acts that were done by the defendants thereunder are void. The plaintiff demands, as relief under the facts alleged in this paragraph, that the nuisance in controversy be abated, by compelling the defendants to fill up said excavations, etc., and that she be awarded damages in the sum of $5,000.

A demurrer to each paragraph of the complaint was overruled. Appellees then answered in four paragraphs, the first of which was a general denial. Appellant unsuccessfully demurred to the second, third and fourth paragraphs of the answer. The second paragraph of the answer was addressed to the first paragraph of the complaint. It sets up the facts that appellees Conrey & Forster Furniture Company, Conrey & Birely Table Company, Speigle Furniture Company and Hodell Furniture Company are, and have been for many years last past, corporations duly engaged in manufacturing furniture at and near the city of Shelbyville, Shelby county, Indiana, and that these corporations were the owners of real estate upon which buildings and machinery

were situated, which were used in the operation of the factories of said companies. It is alleged that said companies desired to construct a lateral railroad from their factories over certain intervening lands in order to connect the same with the Pittsburgh, Cincinnati, Chicago & St. Louis railroad. The length of this lateral railroad is less than ten miles, and all of said intervening lands are situated in said county of Shelby. This paragraph further alleges that these companies presented a petition to the Shelby Circuit Court, and that such proceedings were had therein as resulted in the assessment of damages to property owners, and in appellees' being granted the right to construct said lateral railroad over said intervening land. It is alleged that the damages assessed for lands taken for this lateral railroad were paid, and that no appeal has been taken from the judgment and order of the court, and the time allowed for an appeal has expired. It is further disclosed that said lateral railroad was constructed at the expense of $10,000, and that no part of the route over which it passes or is constructed is on any land owned by the plaintiff. This lateral railroad was, under an order made by the Board of Commissioners of the County of Shelby, built and constructed across a public highway, the same being a free gravel road. The paragraph in question then proceeds to deny certain facts averred in the first paragraph of the complaint, and to allege and set up facts going to show that certain matters and things therein averred by appellant are not true, and that she would not be damaged in the manner and to the extent alleged. In fact, this paragraph is nothing more than an argumentative denial. The third paragraph of answer sets up facts to establish that appellant is estopped from maintaining her action. The fourth purports to be a partial answer to the complaint, and, so far as it applies, it is virtually the same as the second paragraph, nothing more than an argumentative denial. Appellant replied to

the answer: (1) By a general denial; (2) by alleging affirmative matter. A demurrer was sustained to the second paragraph of her reply.

Upon the issues joined there was a trial by the court, and, on request, a special finding of facts was made and conclusions of law stated, by which appellant, as her only relief, was awarded damages in the sum of $50 against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, the Conrey & Forster Furniture Company, the Conrey & Birely Table Company, the Speigle Furniture Company, the Hodell Furniture Company and James M. Goodrich, appellees herein. The defendants, other than those above named, were awarded judgment against appellant for costs. Final judgment was rendered in favor of appellant for the damages assessed, together with her costs laid out and expended to December 13, 1902. It was adjudged that defendants recover of her their costs laid out and expended subsequently to said date. From this judgment appellant appeals, and, among other things, seeks to question the validity of the statute of this State which provides for the construction of lateral railroads. It is first argued by her counsel that the trial court erred in overruling appellant's demurrer to the second, third and fourth paragraphs of the answer, and in sustaining the demurrer to the second paragraph of the reply. As the second and fourth paragraphs of the answer are but argumentative denials, there was no error in overruling the demurrer to either of them. *Hiatt* v. *Town of Darlington* (1899), 152 Ind. 570; *Childers* v. *First Nat. Bank* (1897), 147 Ind. 430; *Clauser* v. *Jones* (1885), 100 Ind. 123.

It is not essential that we determine the sufficiency of the third paragraph of the answer, for the special findings disclose that the facts therein alleged in respect to 2. the estoppel in controversy were not proved. It being disclosed by the special findings that the de-

fense of the estoppel set up in said third paragraph in no way entered into or affected the judgment of the court, therefore overruling the demurrer thereto was harmless. *Smith* v. *McKean* (1884), 99 Ind. 101; *Tucker* v. *Roach* (1894), 139 Ind. 275.

Sustaining appellees' demurrer to the second paragraph of the reply affords no grounds for reversal, for the reason that the facts therein alleged, so far as competent,

3. were admissible under the general denial which constituted the first paragraph of the reply. *Jeffersonville Water Supply Co.* v. *Riter* (1897), 146 Ind. 521; *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 279.

The special findings in the case exhibit facts which are materially different from those alleged in appellant's complaint. Among other things, it is therein

4. shown that appellee corporations were successful in proper condemnation proceedings had before the Shelby Circuit Court for the purpose of constructing a lateral railroad from their several factories across intervening lands, so as to connect with the railroad of appellee Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company; that damages arising out of the condemnation or appropriation of lands for the use of said lateral railroad were duly assessed, paid to, and accepted by, the several landowners whose lands were taken for that purpose. Appellant was not a party to said condemnation proceedings, and no part of her land was taken or appropriated to the use of said railroad. Appellees, on petition to the Board of Commissioners of the County of Shelby, were by said board granted the right and privilege of constructing said lateral railroad over and across a public highway, known as the "Columbus & Shelbyville Gravel Road," in said Shelby county. They contracted with the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company

to construct said lateral railroad. This railroad company appears to have employed Goodrich, who is an appellee herein, to assist in building said lateral railroad. It is shown by the special findings that appellees, without appellant's consent, and without any condemnation proceedings, excavated and removed 100 yards of dirt and soil owned by appellant, and of the value of $10. The court further finds that in addition to this sum it will, by reason of said excavation, require an expenditure of $40 to make the access to and egress from the plaintiff's land as easy and convenient as the same was before said excavation was made. The court finds that appellant has sustained damages by the acts of appellees to the total amount of $50. We must accept the special findings as embracing all of the facts proved on the trial within the issues. *Vannoy* v. *Duprez* (1880), 72 Ind. 26; *Dodge* v. *Pope* (1884), 93 Ind. 480.

Appellant by her first assignment of error alleges that the proceedings and decision of the court is in violation of the fourteenth amendment of the Constitution of the United States. Under this assignment her counsel advance much argument to establish that the trial court erred in stating, as a conclusion of law, that the statute under which appellees proceeded to lay out and construct the lateral road in controversy is valid. They assert that the legislature can not authorize the property of A to be taken and appropriated by B for the private use of the latter.

It appears that the special findings on which the court stated its conclusions of law were signed by the judge, and they, together with the conclusions of law, were entered in the court's order-book, as required by §560 Burns 1901, §551 R. S. 1881, and thereby became a part of the record. *Wallace* v. *Kirtley* (1884), 98 Ind. 485; Elliott, App. Proc., §732, and authorities cited.

But no order-book entry whatever appears in the tran-

script disclosing that appellant excepted to the conclusions of law upon the special findings. This is essential in order for the complaining party on appeal to this court to obtain a review of the conclusions. *Cooney* v. *American, etc., Ins. Co.* (1903), 161 Ind. 193, and cases cited. It is true that a bill of exceptions embraced in the transcript recites that the appellant excepted to each of the court's conclusions of law on the special findings. This, under the circumstances, will not suffice. *Cooney* v. *American, etc., Ins. Co., supra.*

Again, it appears that appellant has not assigned error on any of the court's conclusions of law. Therefore, upon no view of the question is she in a position to secure a consideration of the conclusions in question.

But were it conceded that the constitutional validity of the statute relative to the construction of lateral railroads is involved in this appeal, it is certainly manifest that no such question is presented for our decision by the first assignment of error. The argument of appellant's counsel mainly is that appellees were not, under the proceedings to construct the lateral railroad, justified in excavating on her land and removing the earth therefrom, in the absence of condemnation proceedings to which she was a party. But appellees are not seeking in this action to condemn or appropriate any of her lands to the use of said railroad. The alleged wrongful acts of which she complains were committed before this action was instituted. Were the statute in question to be declared unconstitutional, such holding would only serve to place appellees, by reason of their unlawful acts, so far as the same affect appellant, in the position of wrongdoers or trespassers. In fact, that is the attitude in which they are already placed by the judgment of the court upon its special findings. The court appears to have been satisfied by the evidence that appellant was only entitled to.

damages for the injuries resulting to her premises by reason of the wrongful acts of appellees, and awarded her $50 as a sufficient and sole relief for the wrongs of which she complained.

Appellant insists that the decision by the trial court is not sustained by the evidence, and that certain rulings in admitting and excluding evidence were erroneous.

9. Opposite counsel, however, contend that these questions must be dismissed without consideration, for the reason that the evidence has not been made a part of the record by a proper bill of exceptions. In this view we are constrained to concur. The only method employed to bring the evidence into the record is substantially the following: On January 30, 1904, an entry of the court discloses that the official reporter filed a longhand manuscript of the evidence taken in the case. This manuscript, however, does not follow the entry, but, instead thereof, there is appended a note which states: "For said longhand manuscript of the shorthand notes of Miss Jennie McAdams, the official reporter of the court, see page 101, line —, to page 480, line —, inclusive, of this transcript." On the same day another entry appears, which recites: "Plaintiff now tenders to the court her bill of exceptions herein, containing the longhand manuscript, * * * which was heretofore filed in the office of the clerk of this court by said Jennie McAdams, * * * containing the transcript of all of the evidence given in said cause, * * * which transcript the Hon. Douglas Morris, judge of this court, on the 30th day of January, 1904, examined and found correct, and indorsed thereon his certificate that the same was correct and contained all the evidence in said cause, which original transcript and original reporter's certificate and original judge's signature and certificate are now filed with the clerk of this court as and for the plaintiff's bill of exceptions herein, and are as follows:" After this entry follows the judge's

certificate. After this certificate some blank pages intervene, and then follows what appears to be a longhand manuscript of the evidence taken by the reporter at the trial. At the end of this manuscript is the certificate of the official reporter, which is signed by her. The transcript of the evidence is not even signed by the judge at the close thereof as and for a bill of exceptions. In fact, there is nothing to identify the document as a bill of exceptions containing the evidence, and on no view can it be considered or accepted as such. *Wagoner* v. *Wilson* (1886), 108 Ind. 210; Ewbank's Manual, §§29, 30. As the evidence is not properly before us, it follows that all questions depending thereon which appellant seeks to present must be dismissed without consideration.

On December 12, 1902, after the commencement of this action, appellees, under §522 Burns 1901, §514 R. S. 1881, made an offer in writing to appellant whereby they agreed to allow a judgment to be rendered in the action against them for $225 and costs. This offer she declined. As she failed on the trial to recover a more favorable judgment, the court, under the provisions of the above section, rightfully adjudged that appellees recover of her their costs which were occasioned in the suit after the offer in question was made.

Appellant complains of the court's ruling in denying her motion to modify the conclusions of law upon the special findings. This motion was not a proper procedure, and there was no error in overruling it. The recognized procedure for testing conclusions of law on special findings of facts is by reserving exceptions to such conclusions. *Royse* v. *Bourne* (1897), 149 Ind. 187; *Peden* v. *King* (1868), 30 Ind. 181; Elliott, App. Proc., §§757, 793.

We have examined and considered all the questions properly presented, but discover no reversible error. Therefore the judgment is affirmed.