EDGAR PATRICK *et al., Appellants,* v. ILWACO OYSTER COMPANY, *Respondent.*[1]

*Fred M. Bond,* for appellants.

*Welsh & Welsh,* for respondent.

BEALS, J.—Plaintiffs sued defendant corporation for damages, setting forth in their complaint three causes of action, all sounding in tort. In their first cause of action, they sought to recover the value of six thousand sacks of oysters, which they alleged defendant had taken from their land without their knowledge or consent; in the second, they asked for the rental value of certain premises, the use of which they alleged defendant had appropriated without authority; and in the third, they sought to recover for injury to their land occasioned by dredging operations wrongfully conducted by defendant. By its answer, defendant

[1] Reported in 63 P. (2d) 520.

denied all liability upon the first and third causes of action; as to the second, admitted that it had occupied a small portion of plaintiffs' land and tendered one dollar as the reasonable rental value, tendering also accrued costs, all in the total amount of $25.80, which sum defendant paid into the registry of the court for plaintiffs' benefit.

The issues having been made up, and plaintiffs having refused the tender, the action was tried to a jury. After the first trial, the court granted a new hearing. Upon the second trial, the jury disagreed. A third trial resulted in a verdict for defendant on the first cause of action, and a verdict for plaintiffs in the sum of one dollar in each of the other two causes of action.

Plaintiffs filed a motion for new trial on all three causes of action, while defendant filed a motion for judgment in its favor notwithstanding the verdict on the second and third causes of action. The trial court denied plaintiffs' motions for a new trial; entered judgment for defendant on plaintiffs' first cause of action; entered judgment for plaintiffs on their second cause of action in the sum of one dollar and the amount of costs tendered by defendant; entered judgment in defendant's favor notwithstanding the verdict on plaintiff's third cause of action.

From the judgment, plaintiffs have appealed, assigning error upon the denial of their motion for new trial; upon the granting of defendant's motion for judgment in its favor notwithstanding the verdict; upon the refusal of the court to enter judgment for costs in plaintiffs' favor; and upon the rendition of judgment for costs in favor of defendant.

Due to the absence of a statement of facts, no question involving the evidence can be considered. This leaves open to review only that portion of the judg-

ment appealed from which granted costs to respondent, less the amount of costs tendered by respondent and paid into court at the time of the filing of its answer. The question of costs depends upon the effect of the tender made by respondent, and particularly upon whether or not Rem. Rev. Stat., § 486 [P. C. § 7467], considered together with § 485 [P. C. § 7466], applies to tort actions. The two sections referred to read as follows:

"§ 485. When, in an action for the recovery of money, the defendant alleges in his answer that, before the commencement of the action, he tendered to the plaintiff the full amount to which he is entitled, in such money as by agreement ought to be tendered, and thereupon brings into court, for the plaintiff, the amount tendered, and the allegation be found true, the plaintiff shall not recover costs, but shall pay them to the defendant."

"§ 486. If the defendant, in any action pending, shall at any time deposit with the clerk of the court, for the plaintiff, the amount which he admits to be due, together with all costs that have accrued, and notify the plaintiff thereof, and such plaintiff shall refuse to accept the same in discharge of the action, and shall not afterwards recover a larger amount than that deposited with the clerk, exclusive of interest and cost, he shall pay all costs that may accrue from the time such money was so deposited."

■ As the question to be decided depends upon the construction of a statute and, therefore, involves more than a mere award of costs, appellants are entitled to have the question determined on their appeal, notwithstanding the rule under which several appeals have been dismissed as involving a mere incidental award of costs.

■ Appellants argue that the common law rule to the effect that a tender cannot be made in a tort action has not been changed by the statute law of this state.

As the verdict of the jury did not exceed the amount tendered by respondent as admittedly due appellants upon their second cause of action, and as it is not contended that the costs so tendered were insufficient to cover costs accrued up to that time, if the action is of such a class that a tender can be made, the court rightly directed that costs be taxed against appellants.

Section 485 refers to tenders made prior to the commencement of the action. Section 486 provides for the making of a tender in an action which has already been commenced. This section contains no language which refers to the nature of the action in which a tender may be made, but simply gives the defendant the right to deposit with the clerk of the court for the plaintiff "the amount which he admits to be due, together with all costs that have accrued." This language is broad enough to include both actions on contract and in tort, and after consideration and study, we are convinced that the section applies to both classes of suits. It must be held that the section extends the common law rule.

In an early case, the Missouri courts held that, under statutes of that state, the common law rule was still in force as to certain actions, but in later cases it was held that a tender after suit instituted could be made in cases sounding in tort, as well as in contract. *Rosenberger v. Harper,* 83 Mo. App. 169; *Atkins v. Ost,* 112 Mo. App. 256, 86 S. W. 903; *Parr v. Chicago, B. & Q. R. Co.,* 194 Mo. App. 416, 184 S. W. 1169.

The California court, under a section of the code of civil procedure of that state which provides that the defendant at any time before trial may serve upon the plaintiff an offer to allow judgment to be taken against him in accordance with the offer, refused to question the right of a defendant in a tort action to make a tender. *Basler v. Sacramento Gas & Electric*

*Co.,* 158 Cal. 514, 111 Pac. 530, Ann. Cas. 1912A, 729. Another section of the California code is very similar to § 485 of our code, *supra,* and it is argued here that, as in the California code the two sections do not appear together, different constructions might be placed thereon, while as the two sections of the code of this state appear consecutively they must be construed as referring to the same class of cases, and limited to actions based on contract only. As the two sections of the California code were enacted as portions of the original code of civil procedure of 1854, they should be construed together to the same extent as though they appeared one immediately following the other.

The supreme court of Kansas, in the case of *Clippenger v. Ingram,* 17 Kan. 586, held that a section of the code of that state which allowed a defendant "in an action for the recovery of money only" at any time before trial to make an offer to allow judgment against him for a specified sum, applied to an action for assault. In the case cited, the question here presented was directly raised. The opinion of the Kansas court in the case of *Kaw Valley Fair Ass'n v. Miller,* 42 Kan. 20, 21 Pac. 794, is to the same effect. This rule has been followed in other Kansas cases.

The supreme court of Indiana, in the case of *Adams v. Pittsburgh etc. Co.,* 165 Ind. 648, 74 N. E. 991, held valid a tender made in a tort action. The cases of *Boyd v. Cronan,* 71 Me. 286; *Lieurance v. McComas,* 59 Mo. App. 118; *Stagg v. Broadway Garage Co.,* 87 Mont. 254, 286 Pac. 415; *Hammond v. Northern Pac. R. Co.,* 23 Ore. 157, 31 Pac. 299; *Smith v. Nelson,* 23 Utah 512, 65 Pac. 485, are to the same effect.

Appellants cite some cases to the contrary, but we think the weight of authority and the better reason requires a holding that § 486, *supra,* applies to both

classes of actions. This being true, respondent's tender was effective, and the court properly entered judgment against appellants for the costs which accrued in the action, less the amount of the tender.

Judgment affirmed.

MILLARD, C. J., MITCHELL, HOLCOMB, and TOLMAN, JJ., concur.