[No. 43468.    En Banc.    May 8, 1975.]

JUDGES OF THE EVERETT DISTRICT COURT, *Appellants*, v. GERALD S. HURD, *Respondent.*

*Robert E. Schillberg, Prosecuting Attorney,* and *James D. Twisselman, Deputy,* for appellants.

*Gerald S. Hurd,* pro se.

PER CURIAM.—The Judges of the Everett District Court appeal from that portion of an order awarding respondent Gerald S. Hurd costs in a proceeding brought pursuant to RCW 42.17.330, being part of the public disclosure laws, to enjoin the examination of public records.

On November 26, 1973, respondent Hurd filed a "Request for Access to Records" with the Everett District Justice Court. He sought to obtain the "complete current list of all potential and actual jurors available to the District Court. List to include names and addresses." Two of the Judges answered by letter dated November 27, 1973, advising respondent that "all registered voters are potential and actual jurors available to the Everett District Court," and that the voter registration rolls for Snohomish County were available for inspection in the office of the Snohomish County Auditor.

On December 21, 1973, respondent filed a second "Request for Access to Records" to obtain the "Everett District Court's current list of qualified jurors together with the address of each person named thereon."

Pursuant to RCW 42.17.330, the Judges of the Everett District Court moved for an order enjoining the examination and copying of the court's record of potential jurors. That motion was heard on January 25, 1974. At the conclusion of the hearing, the court denied the motion and continued the case to determine the issue of costs. At the conclusion of the continued hearing, the court ordered appellants to supply

> to Gerald S. Hurd the names and addresses of all persons contained on the list, if any, of all persons who have volunteered to serve as jurors in the Everett District Court, and any other list compiled from which jurors are selected: the list of registered voters, however, need not be supplied.

The order entered by the court also provided:

> That Gerald S. Hurd is prohibited from using said list of volunteer jurors to harass or intimidate any of the persons thereon named.

That Gerald S. Hurd is allowed his costs in this proceeding in the amount of $115.00.

The requested list of jurors was then made available to respondent. This appeal followed from only that portion of the order awarding costs.

Appellants contend RCW 42.17.340(3), making provision for the awarding of costs, is inapplicable to a proceeding under RCW 42.17.330 which states nothing as to costs. Appellants also contend the word "costs" in the first-mentioned statute does not embrace the items of costs awarded. We do not reach the questions raised.

■ This court, in a long line of cases, has held it "will not entertain an appeal the sole purpose of which is to resolve a question of costs." *Snohomish County v. Boettcher*, 66 Wn.2d 351, 352, 402 P.2d 505 (1965).

During oral argument, respondent made an oral motion to dismiss the appeal for want of jurisdiction under Const. art. 4, § 4. There was no compliance with ROA I-53 or ROA I-54. However, this court must dismiss the appeal on its own motion when the sole purpose of the appeal is to resolve a question of costs. *Cf. Green v. Nichols*, 40 Wn.2d 661, 245 P.2d 468 (1952).

The appeal is dismissed.