[No. 3257-2.    Division Two.    July 9, 1979.]

HAROLD MEYER DRUG, *Respondent,* v. CEOLA HURD, ET AL, *Appellants.*

*M. C. Cole* of *Puget Sound Legal Assistance Foundation,* for appellants.

*Annon W. May,* for respondent.

REED, J.—Ceola Hurd appeals from an award of $10 in attorney's fees granted to her when she obtained dismissal of a drug store's suit against her. We increase the award to reflect more reasonably her attorney's efforts in both the Superior Court and the Court of Appeals.

Ms. Hurd's child was caught in Harold Meyer Drug Store with a $1.29 camera battery in his pocket. The store clerk confiscated the battery when the child could not produce a sales slip. No criminal charges were filed against the child, but the store filed a civil suit against Ms. Hurd under RCW

4.24.230(2),[1] a parental liability statute enabling merchants victimized by shoplifting to recover the value of merchandise lost or damaged by children. The store's complaint asked for $1.29 in damages and $200 in attorney's fees.

Although the store prevailed at the district court trial, the action was dismissed when the store's attorney failed to appear for the de novo trial in Superior Court on appeal. The Superior Court awarded $10 to Ms. Hurd as the prevailing party pursuant to RCW 4.84.250[2] and RCW 4.84.290.[3] She appeals, claiming her attorney is entitled to significantly more as reasonable attorney's fees for his efforts on appeal. We believe her claim is justified and that

---

[1]At the time of the district court trial, RCW 4.24.230(2) provided:

"(2) The parent or legal guardian having the custody of an unemancipated minor who takes possession of any goods, wares or merchandise displayed or offered for sale by any wholesale or retail store or other mercantile establishment without the consent of the owner or seller and with the intention of converting such goods, wares or merchandise to his own use without having paid the purchase price thereof, shall be liable as a penalty to the owner or seller for the retail value of such goods, wares or merchandise not to exceed five hundred dollars plus costs of preparing and presenting the action of not less than one hundred dollars nor more than two hundred dollars: *Provided,* That for the purposes of this subsection, liability shall not be imposed upon any governmental entity or private agency which has been assigned responsibility for the minor child pursuant to court order or action of the department of social and health services."

[2]RCW 4.84.250 states:

"Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20-.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is one thousand dollars or less, there shall be taxed and allowed to the prevailing party *as a part of the costs* of the action a reasonable amount to be fixed by the court as attorneys' fees." (Italics ours.)

[3]RCW 4.84.290 provides:

"If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: *Provided,* That if, on appeal, a retrial is ordered, the court ordering the retrial shall designate the prevailing party, if any, for the purpose of applying the provisions of RCW 4.84.250.

"In addition, if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable *as attorneys' fees* for the appeal." (Italics ours.)

the Superior Court abused its discretion in awarding only $10 in attorney's fees for the appeal.

We must first address the question, however, of whether fees awarded pursuant to RCW 4.84.290 are appealable where the fee award is the sole issue on appeal. It is a long–established policy rule that appellate courts "'will not entertain an appeal the sole purpose of which is to resolve a question of costs.'" *Judges of Everett Dist. Ct. v. Hurd,* 85 Wn.2d 329, 331, 534 P.2d 1025 (1975); *Snohomish County v. Boettcher,* 66 Wn.2d 351, 352, 402 P.2d 505 (1965). The court in *Judges of Everett District Court* and *Boettcher* dismissed those appeals because the parties were entitled only to attorney's fees as part of the statutory costs. *See* RCW 4.84.080. We do not believe those cases apply to fee awards made pursuant to RCW 4.84.290, because that statute does not define fee awards as part of the costs. Instead, the statute states that the prevailing party on appeal in a civil action involving less than $1,000 in damages, exclusive of costs, shall receive "such . . . amount as the court shall adjudge *reasonable as attorneys' fees for the appeal.*" (Italics ours.) The Superior Court specifically found that Ms. Hurd "is the prevailing party on appeal as defined in RCW 4.84.290." It follows, therefore, that she is entitled to a reasonable sum as attorney's fees.

■■ Admittedly, other statutes define attorney's fees as a part of statutory costs and disbursements. *See for example,* RCW 4.84.010, .030, .080, .250 and 12.20.060. Moreover, the caption of RCW 4.84.290 itself denominates attorney's fees as "costs." The body of RCW 4.84.290, however, does not use the word "costs," and we decline to read that word into the text.

> In construing a statute, it is safer always not to add to, or subtract from, the language of the statute unless imperatively required to make it a rational statute.

*McKay v. Department of Labor & Indus.,* 180 Wash. 191, 194, 39 P.2d 997, 98 A.L.R. 990 (1934). *See Vannoy v. Pacific Power & Light Co.,* 59 Wn.2d 623, 628–29, 369 P.2d

848 (1962); 2A C. Sands, *Statutes and Statutory Construction* § 47.38 (4th ed. 1973). Here it is unnecessary to add words to the statute. Had the legislature intended attorney's fees to be considered as part of the costs of an appeal brought under RCW 4.84.290, we presume the statute would have qualified the fee award provision accordingly. Without such a statutory qualification we are compelled to hold that attorney fees authorized by RCW 4.84.290 are separate from statutory costs. As such, determinations of such fees escape the bar of *Judges of Everett Dist. Ct. v. Hurd, supra,* and are appealable.

This interpretation of RCW 4.84.290 is consistent with the statute's policies, namely, to encourage out–of–court settlement of small claims, and to penalize parties who unjustifiably pursue or resist the claims. *See Davy v. Moss,* 19 Wn. App. 32, 573 P.2d 826 (1978). These policies dictate that the prevailing party under the statute should be allowed to appeal what appears to be an unreasonable attorney's fee award. Allowing such an appeal prevents abuse of discretion by the lower court, and it helps to ensure that the party who has abused the civil process will be penalized adequately.

We hold that the $10 attorney's fee awarded to Ms. Hurd is unreasonable in light of the circumstances of this case. The store had at most only a technical cause of action for conversion under RCW 4.24.230(2) because the store owner immediately recovered the undamaged battery from the child. The store's principal purpose in bringing suit appears to have been to harass Ms. Hurd and to make her pay its attorney's fees. This is not a legitimate use of the parental liability statute, RCW 4.24.230(2); nor is it a legitimate use of the courts. The store's lawsuit is frivolous, and Ms. Hurd, as the prevailing party on appeal, is entitled to a reasonable amount for her attorney's efforts in the Superior Court and the Court of Appeals.

█ The fact that the mother is represented by a public legal services corporation and the fact that she has paid no actual attorney's fees in this case is immaterial to the

determination of reasonable legal fees. *See Tofte v. Department of Social & Health Servs.,* 85 Wn.2d 161, 531 P.2d 808 (1975).

The award of attorney's fees is affirmed and increased to $900 in accordance with RCW 4.84.290.

PEARSON, C.J., and SOULE, J., concur.