[No. 9176–7–III. Division Three. March 23, 1989.]

BLUE MOUNTAIN SERVICE CORPORATION, *Appellant*, v. MARVEL ZLATEFF, *Respondent.*

*Patrick Walker, Steven Vlcko,* and *Cowan, Walker, Jonson & Moore,* for appellant.

*Leland Kerr* and *Evans & Kerr,* for respondent.

SHIELDS, J.—On November 25, 1987, the Benton County Superior Court awarded Blue Mountain Service Corporation a judgment for $1,425 past due rent against Marvel Zlateff, d/b/a Marvel's Mini Gym. The court denied Blue Mountain's request for costs and attorney fees:

> THE COURT: . . . I'm not going to grant costs in this case. It should have been filed in District Court to start with. These $1500 cases should not have been here.
>
> MR. WALKER: I believe we are entitled to attorney's fees in the lease. . . .
>
> THE COURT: I don't think you're entitled to anything if you file in the wrong court.
>
> MR. WALKER: This is required to be filed in District Court?
>
> THE COURT: Not required, but if filed in the wrong court, you can be denied costs.

Blue Mountain appeals the denial of costs and reasonable attorney fees under the lease; we remand for a determination of reasonable attorney fees.

We first address whether this question is properly before us on appeal. Mr. Zlateff cites *Snohomish Cy. v. Boettcher,* 66 Wn.2d 351, 352, 402 P.2d 505 (1965) in support of dismissal. There, the trial court's decision to award only statutory costs in a condemnation action was affirmed and the appeal dismissed. The court ruled appellate jurisdiction would not lie when the only issue on appeal was the payment of costs. *See also Judges of Everett Dist. Court v. Hurd,* 85 Wn.2d 329, 331, 534 P.2d 1025 (1975).

In *Harold Meyer Drug v. Hurd,* 23 Wn. App. 683, 686, 598 P.2d 404 (1979), the court reviewed *Snohomish* as to whether the denial of attorney fees allegedly due under

RCW 4.84.290 was an appealable issue. The court distinguished *Snohomish,* reasoning RCW 4.84.290 did not define attorney fees as part of the costs, but regarded them as an element of damages. *See Brown v. Suburban Obstetrics & Gynecology, P.S.,* 35 Wn. App. 880, 884, 670 P.2d 1077 (1983) (attorney fees were awarded as part of damages for failure to comply with RCW 49.48.010). We conclude this same reasoning applies here. Blue Mountain claims entitlement to a reasonable fee because of a contractual agreement. Thus, we conclude there is appellate jurisdiction to decide the question.

Does RCW 4.84.030 interfere with Blue Mountain's contractual rights under the lease and RCW 4.84.330?

RCW 4.84.030 states:

> In any action in the superior court of Washington the prevailing party shall be entitled to his or her costs and disbursements; but the plaintiff shall in no case be entitled to *costs taxed as attorneys' fees* in actions within the jurisdiction of the district court when commenced in the superior court.

(Italics ours.) By comparison, RCW 4.84.330 states:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
>
> Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract or lease which is entered into after September 21, 1977. Any provision in any such contract or lease which provides for a waiver of attorney's fees is void.
>
> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

In *Singleton v. Frost,* 108 Wn.2d 723, 742 P.2d 1224 (1987), the trial court did not award reasonable attorney

fees to the payee of a promissory note when the note provided for such an award. On review, the court stated while the trial court had discretion to determine reasonable attorney fees, it could not deny those fees altogether under RCW 4.84.330. It noted the mandatory language of the statute: the prevailing party "*'shall* be entitled to reasonable attorney's fees'." *Singleton,* at 730. *Singleton,* however, did not consider the effect of RCW 4.84.030.

██ Blue Mountain urges us to hold RCW 4.84.030 applies only if there is no other statutory or contractual right authorizing a reasonable attorney fee. Thus, the end result of filing a district court action in superior court would be only the denial of costs taxed as attorney fees. The statutory definition of "costs" is found in RCW 4.84-.010:

> The measure and mode of compensation of attorneys and counselors, shall be left to the agreement, expressed or implied, of the parties, but there shall be allowed to the prevailing party . . . *certain sums* by way of indemnity for the prevailing party's expenses in the action, which allowances are *termed costs, including,* in addition . . . the following expenses:
>
> . . .
>
> (6) *Statutory attorney and witness fees;* . . .

(Italics ours.) RCW 4.84.080 presently sets the statutory attorney fees at $125. Because RCW 4.84.030 specifically prohibits the award of "costs taxed as attorneys' fees", we interpret this phrase in light of RCW 4.84.010 and .080. Since a statute which is plain and unambiguous needs no construction, *Stuart v. Coldwell Banker Comm'l Group, Inc.,* 109 Wn.2d 406, 414, 745 P.2d 1284 (1987) (citing *King Cy. v. Seattle,* 70 Wn.2d 988, 425 P.2d 887 (1967)); *Singleton,* at 728, we are constrained to limit the effect of RCW 4.84.030 to prohibit only statutory attorney fees. *See Meade v. French,* 4 Wash. 11, 29 P. 833 (1892), which would reach the same result on a somewhat different

rationale.[1] It is neither the function nor the prerogative of courts to modify legislative enactments even though a broadening of the legislative policy may be thought desirable.[2] *Stuart*, at 414 (citing *Anderson v. Seattle,* 78 Wn.2d 201, 471 P.2d 87 (1970)).

Mr. Zlateff argues RCW 4.84.030 should be construed in the same manner as the usury statute, which prohibits a usurious lender from recovering a reasonable attorney fee notwithstanding contrary terms in the underlying loan agreement. RCW 19.52.030(1); *Aetna Fin. Co. v. Darwin,* 38 Wn. App. 921, 929, 691 P.2d 581 (1984), *review denied,* 103 Wn.2d 1019 (1985). In usury cases, however, the underlying contract, including the provision for attorney fees, is declared void. The lender then becomes obligated to pay the reasonable attorney fee of the borrower who successfully raises a usurious defense, a significant deterrent to charging usurious rates. *Aetna,* at 930. Under RCW 4.84-.030 the underlying contract remains enforceable. To allow the court to prohibit the award of a contractual reasonable attorney fee is a clear interference with Blue Mountain's contractual rights under the lease.[3]

---

[1]In *Meade,* a general statute, a predecessor of present RCW 4.84.030, was enacted after a special statute relating to costs in special cases. The court applied the maxim generalia specialibus non derogant (general words do not derogate from special) to hold the general statute does not preclude application of the special statute. In the present case the special statute, RCW 4.84.330, was enacted after the general statute, RCW 4.84.030, so that the maxim is more accurately stated as generalibus specialia derogant (special things take from generals). The result is nevertheless the same.

[2]In this case, the past due rent was $1,425, an amount well within the jurisdiction of the district court. The judgment was obtained on Blue Mountain's motion for summary judgment in the superior court. The attorney fees requested in superior court were $771.10, and on appeal are $1,563.75. Combined they are 150 percent of the judgment amount.

[3]To impose such a sanction in all cases involving contractual attorney fees filed in superior court which could otherwise have been filed in district court, would impose a waiver of the contractual obligation, which is specifically prohibited by the second paragraph of RCW 4.84.330.

The court erred in denying Blue Mountain a reasonable attorney fee. The sanction of RCW 4.84.030 is limited to prohibiting statutory attorney fees. The cause is remanded for a determination of reasonable fees and costs incurred at trial and on appeal in favor of Blue Mountain.

THOMPSON, C.J., and MUNSON, J., concur.