[No. 21728-1-III. Division Three. June 22, 2004.]

THE CITY OF SPOKANE, *Petitioner*, v. ROBERT W. WARD, *Respondent*.

*Michael F. Connelly, City Attorney,* and *Michelle D. Szambelan, Assistant,* for petitioner.

*Robert W. Critchlow,* for respondent.

SCHULTHEIS, J. — By statute, no costs or attorney fees are awarded in a traffic infraction case. RCW 46.63.151. By court rule, however, substantially prevailing parties on appeal from a court of limited jurisdiction are entitled to costs. RALJ 9.3. Robert Ward successfully appealed a district court finding that he committed a traffic infraction. The superior court judge awarded Mr. Ward costs expended on the appeal pursuant to the court rule. On appeal of this judgment, the city of Spokane (City) contends the statutory prohibition against the awarding of costs supersedes the court rule. Because we conclude that the statutory prohibition against an award of costs prevails over the rule providing for costs on appeal, we reverse.

## FACTS

Mr. Ward was cited for failure to yield the right-of-way. The district court found that he committed this infraction, and he appealed to the superior court. In a bench trial held in October 2002, the superior court reversed the district court. Mr. Ward submitted a cost bill for $350. In its objection to the cost bill, City argued that the costs were unreasonable and were disallowed by RCW 46.63.151. The trial court held that an award of costs was appropriate under RALJ 9.3 and awarded $225 for the costs of filing, transmitting the record, and preparing the transcript.

City sought discretionary review of the superior court judgment. Mr. Ward responded by moving to dismiss the appeal as frivolous. In a ruling filed on March 3, 2003, the commissioner found that the conflict between the statute prohibiting cost recovery and the court rule allowing it was an unresolved issue of public importance, and granted discretionary review. Mr. Ward's motion to dismiss was denied without prejudice.

## DISCUSSION

■■ We first address whether the question of costs is properly before us on appeal. Mr. Ward contends this court

must dismiss an appeal whose sole purpose is to resolve a question of costs, citing *Judges of Everett District Court v. Hurd*, 85 Wn.2d 329, 331, 534 P.2d 1025 (1975). The Supreme Court in *Hurd*, at 331, held that it "must" dismiss an appeal when the sole purpose of the appeal is to resolve an issue of costs. Subsequent decisions have distinguished *Hurd* when the costs can be defined as an element of damages, or when there is an additional issue on appeal. *See, e.g., Baird v. Larson*, 59 Wn. App. 715, 801 P.2d 247 (1990) (additional issue on appeal); *Blue Mountain Serv. Corp. v. Zlateff*, 53 Wn. App. 690, 691-92, 769 P.2d 883 (1989) (interpretation of contract to determine whether a party is entitled to costs); *Brown v. Suburban Obstetrics & Gynecology, P.S.*, 35 Wn. App. 880, 884-85, 670 P.2d 1077 (1983) (costs an element of damages); *Harold Meyer Drug v. Hurd*, 23 Wn. App. 683, 686-87, 598 P.2d 404 (1979) (construction of statute; costs an element of damages). Pertinent here, an appeal that involves the construction of a statute as it relates to costs will also be reviewed. *Patrick v. Ilwaco Oyster Co.*, 189 Wash. 152, 154, 63 P.2d 520 (1937).

City challenges the award of costs, but in doing so it asks this court to resolve the apparent conflict between a statute, RCW 46.63.151, and a court rule, RALJ 9.3. Review on this basis is appropriate. *Patrick*, 189 Wash. at 154. Additionally, the commissioner properly granted discretionary review on the basis of RAP 2.3(d)(3) because resolution of the conflict between the statute and the court rule is an issue of continuing public interest. Accordingly, this court has appellate jurisdiction to decide the issue of costs.

RCW 46.63.151 provides that "[e]ach party to a traffic infraction case is responsible for costs incurred by that party. No costs or attorney fees may be awarded to either party in a traffic infraction case, except as provided for in RCW 46.30.020(2)." (The exceptions found in RCW 46.30.020(2) are not implicated here.) The conflict arises when a person successfully challenges a traffic infraction judgment by appealing from the district court to the superior court. On appeal from a court of limited jurisdiction,

the superior court is required to award costs to the party that substantially prevails. RALJ 9.3(a). The allowed costs include all expenses reasonably necessary for review, including statutory attorney fees, the filing fee, and the costs for preparing the transcript. RALJ 9.3(c). Mr. Ward successfully appealed to the superior court, his traffic infraction judgment was dismissed, and the superior court awarded him costs pursuant to RALJ 9.3. City contends the award of costs violates RCW 46.63.151.

When a statute and a court rule are in apparent conflict, we must harmonize the provisions whenever possible and interpret them so as to give effect to both provisions. *City of Kirkland v. Ellis*, 82 Wn. App. 819, 826, 920 P.2d 206 (1996). In those cases when a conflict is irreconcilable, however, "the nature of the right at issue determines whether the statute or court rule controls." *In re Marriage of Leslie*, 90 Wn. App. 796, 806, 954 P.2d 330 (1998). If the right is substantive, the statute prevails; if the right is procedural, the court rule prevails. *Id.* Generally, "[s]ubstantive law prescribes norms for societal conduct" and "thus creates, defines, and regulates primary rights." *State v. Smith*, 84 Wn.2d 498, 501, 527 P.2d 674 (1974). Procedural law, in contrast, pertains "to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated." *Id.*

The RCW 46.63.151 prohibition of costs in a traffic infraction case cannot be reconciled with the RALJ 9.3 provision of costs to the successful party in an appeal of a traffic infraction judgment. Therefore, we examine the nature of costs in order to determine whether the statute or the court rule prevails. A judgment to pay costs affects substantive rights. *Leslie*, 90 Wn. App. at 806. Consequently, the statutory prohibition against an award of costs prevails over the rule providing for costs on appeal. *Id.* The trial court thus erred in awarding Mr. Ward costs pursuant to RALJ 9.3.

The order awarding costs is reversed.

SWEENEY, A.C.J., and KURTZ, J., concur.

Reconsideration denied July 30, 2004.