[No. 30143-5-III.    Division Three.    December 29, 2011.]

THE CITY OF SPOKANE, *Petitioner*, v. MARK WARDROP ET AL.,
*Respondents*.

*Howard F. Delaney, City Attorney,* and *Margaret K. Harrington, Assistant,* for petitioner.

*Dean Tze-Ming Chuang* (of *Crary Clark & Domanico PS*), for respondents.

¶1 SIDDOWAY, J. — The city of Spokane brought a motion for discretionary review of the superior court's dismissal of each respondent's notice of infraction (NOI) issued for alleged red light violations. Review was denied by our commissioner's office and, with this opinion, by us. We exercise our discretion under RAP 17.6(b) to issue an opinion explaining our reasoning.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Mark Wardrop, Jennifer Lee, and Susan Annechiarico (collectively Respondents) each received an NOI from the city of Spokane (City) for a red light violation detected by an automated traffic camera. The fine for each violation was $124.

¶3 These NOIs were issued by law enforcement via a third-party, web-based citation processing system called Axsis. Officers using this system first log in and review evidence of a potential infraction. Upon a determination of probable cause, the officer electronically issues an NOI. The City's vendor, American Traffic Solutions Inc., processes the NOI in Arizona, then prints and mails it to the motorist. The NOIs at issue state that they were executed in Spokane, Washington.

¶4 The Respondents unsuccessfully moved to dismiss their NOIs in Spokane Municipal Court. They appealed to

Spokane County Superior Court, which reversed the municipal court's decision and dismissed the NOIs on the basis that the requirements of RCW 9A.72.085 were not followed when the NOIs were issued. Specifically, it found that the NOIs were signed in Arizona, not in Spokane as indicated on the citations.

¶5 The City filed a motion in this court seeking discretionary review of the superior court's ruling. The Respondents argued, inter alia, that the motion should be denied for lack of jurisdiction under RCW 2.06.030 because the amount in controversy is less than $200. Relying on *City of Spokane v. Ward*,[1] the City argued that jurisdiction was present.

¶6 The commissioner's office determined that this court lacked jurisdiction under RCW 2.06.030 and denied the motion. The matter then came before us for review after the City moved to modify the commissioner's ruling. It also filed a motion asking us to take judicial notice that the traffic fine involved in *Ward* was $143.

## ANALYSIS

¶7 Under RCW 2.06.030, "[t]he appellate jurisdiction of the court of appeals does not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy, or the value of the property does not exceed the sum of two hundred dollars."

¶8 This provision has been examined in considerable detail by our Supreme Court. In *City of Bremerton v. Spears*, a case involving motorcycle helmet infractions, the court concluded that "the Court of Appeals does not have jurisdiction to review civil traffic cases in which the original amount in controversy is less than $200." 134 Wn.2d 141, 153, 949 P.2d 347 (1998). Such is the case here, as the amount in controversy is only $124. The City does not argue that the Respondents' fines could be aggregated to confer

---

[1] 122 Wn. App. 40, 92 P.3d 787 (2004), *review denied*, 154 Wn.2d 1020 (2005).

jurisdiction, nor would this argument have been successful. *See id.* at 151. Accordingly, we must decline review.

¶9 Relying on *Ward*, the City argues that the Court of Appeals has accepted review of similar cases and should follow suit here. It asks us to take judicial notice of the fact that the underlying infraction in that case was only $143, just as the infractions here are under the $200 threshold. In *Ward*, this court reviewed the appropriateness of a $225 award of court costs to a motorist who successfully appealed a traffic infraction in superior court. 122 Wn. App. at 42-43. The underlying ticket was never at issue, and the respondent apparently did not advance a jurisdictional argument under RCW 2.06.030. *Id.*

¶10 Had the respondent in *Ward* made such an argument, however, it should have been successful. This is because "[n]either costs nor attorney's fees constitute a part of the original amount in controversy." *Bishop v. Hamlet,* 58 Wn.2d 911, 918, 365 P.2d 600 (1961), *overruled on other grounds by Wallace v. Evans,* 131 Wn.2d 572, 934 P.2d 662 (1997). If it recognized the jurisdictional defect, the court in *Ward* should have raised the issue sua sponte and declined review of the case. *See Hanson v. City of Snohomish,* 121 Wn.2d 552, 571, 852 P.2d 295 (1993). Of course, just because review was mistakenly accepted in *Ward* does not mean that we should repeat that mistake here, where the amount in controversy requirement is clearly lacking.[2]

---

[2] We note that our Supreme Court may accept direct review of certain cases not meeting the amount in controversy threshold due to its less stringent jurisdictional requirements. *See Spears,* 134 Wn.2d at 152 (recognizing that "this Court may accept review of such a case if the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute"). It cannot exercise jurisdiction "over controversies in which the amount involved is less than $200 when the matter does not go to the validity of the statute but only to the construction of the statute." *Id.* We do not presume to predict what it would do in this case.

¶11 The motion to modify the commissioner's ruling and the corresponding motion to take judicial notice are both denied.

KULIK, C.J., and KORSMO, J., concur.