IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JERI MAINER, on behalf of herself and a Class of persons similarly situated, | ) ) ) | No. 32836-8-III |
| Appellant, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| CITY OF SPOKANE, a municipal Corporation and political subdivision of the State of Washington, | ) ) ) ) ) | |
| Respondent. | ) | |

SIDDOWAY, C.J. — In June 2011, in connection with the appeal of three infractions for running red lights, a judge of the superior court of Spokane County orally ruled that the city of Spokane's process for issuing notices for infractions detected by automated traffic cameras violated state law. On that basis, it reversed the Spokane Municipal Court's findings of infractions and its assessments. The city asked this court to review the superior court's decision, which we refused to do, because the $124 fine for each violation was less than the jurisdictional threshold of this court. *City of Spokane v. Wardrop*, 165 Wn. App. 744, 267 P.3d 1054 (2011).

In June 2014 the appellant in this case, Jeri Mainer, "on behalf of herself and a class of persons similarly situated," initiated this action in Spokane County Superior Court, asserting a claim for restitution of the fine she had paid for a red light infraction and asking that the court certify, as a class, "'[a]ll people who were issued 'photo red' light tickets by the City of Spokane . . . from November 1, 2008 and [sic] June 20, 2011.'" Clerk's Papers (CP) at 1, 7. Before certification of any class, the city moved the court to dismiss the complaint for failure to state a cause of action, which the court granted.

Ms. Mainer appeals. In addition to defending the appeal on the merits, the city raises a threshold argument that, as in *Wardrop*, the amount in controversy falls short of our appellate jurisdiction. The city is correct. We dismiss the attempted appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL BACKGROUND

In December 2010, after one of the city's red light photo enforcement cameras captured video of her car running a red light, Jeri Mainer was issued a notice of infraction for violation of RCW 46.61.050. She contested the citation by mail, but a district court judge determined that she committed the infraction and assessed a $124 fine. Ms. Mainer paid the fine in March 2011.

Three months later, a superior court judge hearing three individuals' appeals of their red light infractions announced his opinion that the city's issuance of red light photo

enforcement tickets did not comport with statutory requirements because the notices of infraction were physically signed in Arizona. This was contrary to the certificate on the notice that they were signed in Spokane. The court determined that this violated RCW 9A.72.085, the statute governing unsworn statements and certification.[1]

On June 13, 2014, Ms. Mainer filed this action, asserting that the city was unjustly enriched because it retained her $124 fine despite learning from the Spokane County Superior Court's decision that the process by which her citation was issued had violated state law. As monetary relief, she sought "the amount of the ticket paid plus prejudgment interest." CP at 11. She also sought "[a]n order enjoining Defendant and/or related entities, as provided by law, from engaging in the unlawful conduct set forth herein." *Id.* Elsewhere, however, she alleged, "It is believed that after June 20, 2011, the City of Spokane complied with the Court's ruling and changed the matter [sic] in which the photo red light citations were processed." CP at 5 (Complaint, ¶ 3.10). She sought certification of a proposed plaintiff class and the appointment of herself and her lawyers as class representative and class counsel, respectively.

---

[1] Other relevant authority would appear to be RCW 46.63.060(2) (identifying the minimum information required in a notice of traffic infraction, and providing that the form "shall be prescribed by rule of the supreme court") and IRLJ (Infraction Rules for Courts of Limited Jurisdiction) 2.1 and 2.2 (addressing the form of notice of infraction and providing at IRLJ 2.2(b) that a notice of infraction is issued upon a "certification" of probable cause by the issuer).

The city filed a motion to dismiss Ms. Mainer's complaint on grounds of res judicata, the three-year statute of limitations, the voluntary payment doctrine, and that the superior court lacked jurisdiction. The court granted the motion without specifying why it found dismissal appropriate.

## ANALYSIS

We lack jurisdiction to entertain Ms. Mainer's appeal.

"There is no constitutional right to appeal in civil cases." *City of Bremerton v. Spears*, 134 Wn.2d 141, 148, 949 P.2d 347 (1998) (citing *In re Dependency of Grove*, 127 Wn.2d 221, 239, 897 P.2d 1252 (1995)). "[T]he right exists in civil cases when granted by the Legislature or at the discretion of the court." *Id.*

RCW 2.06.030 provides that the Court of Appeals shall have exclusive appellate jurisdiction "in all cases" subject to exceptions it identifies. One exception is that

> [t]he appellate jurisdiction of the court of appeals does not extend to civil
> actions at law for the recovery of money or personal property when the
> original amount in controversy, or the value of the property does not exceed
> the sum of two hundred dollars.

*Id.*

In *Wardrop*, we determined that we did not have jurisdiction to grant review of the superior court's decision reversing the red light infraction findings and assessments involved in that case because the $124 fines fell short of the $200 threshold for our jurisdiction of civil actions. 165 Wn. App. at 746-47. Relying on *Spears*, we held that

4

the three citations could not be aggregated in order to meet the requirement. *Wardrop*,

165 Wn. App. at 746-47 (citing *Spears*, 134 Wn.2d at 151). We also explained that

"'[n]either costs nor attorney's fees constitute a part of the original amount in

controversy'" as the phrase is defined in RCW 2.06.030. *Id.* at 747 (alteration in

original) (quoting *Bishop v. Hamlet*, 58 Wn.2d 911, 918, 365 P.2d 600 (1961), *overruled*

*on other grounds by Wallace v. Evans*, 131 Wn.2d 572, 934 P.2d 662 (1997)).

Ms. Mainer tries to distinguish her case from *Wardrop* by pointing to her prayer

for an award of prejudgment interest. A 1912 decision of our Supreme Court squarely

addressed interest as a component of the "original amount in controversy" as that term is

used in article IV, section 4 of the Washington Constitution, the constitutional limitation

on the jurisdiction of the Supreme Court, which is identical in relevant part to the

limitation on our jurisdiction.[2] *Ingham v. Wm. P. Harper & Son*, 71 Wash. 286, 288-89,

128 P. 675 (1912). In considering whether and how long interest on a principal amount

---

[2] Unlike the statutory limitation on the jurisdiction of the Court of Appeals
adopted with the creation of this court in 1967, the Supreme Court's constitutional
jurisdiction includes some civil actions involving less than $200, an example being
"municipal fines." The relevant clause of article IV, section 4 of the Washington
Constitution provides:
> [E]xcepting that its appellate jurisdiction shall not extend to civil actions at
> law for the recovery of money or personal property when the original
> amount in controversy, or the value of the property does not exceed the sum
> of two hundred dollars ($200) unless the action involves the legality of a
> tax, impost, assessment, toll, municipal fine, or the validity of a statute.
The amendment to the Washington Constitution that created the Court of Appeals
provides that its jurisdiction "shall be as provided by statute or by rules authorized by

should constitute part of the jurisdictional measure, the court observed that "[t]he framers of the Constitution must be presumed to have used the words 'original amount' advisedly":

> The most obvious meaning and purpose of the word "original" in its connection is to limit the amount to the time when the matter first originates as a controversy in court; that is, to the time when the action is commenced. In view of the language used, we can hardly assume that the framers of the Constitution intended to make the appellate jurisdiction of this court dependent upon the fortuitous circumstance of a crowded trial docket or a procrastinating litigant, which would be the case if interest to the time of trial were allowed to make up the jurisdictional amount. To so hold would, as it seems to us, deprive the word "original" of any obvious meaning. The rule that the amount due, according to the plaintiff's claim, at the commencement of the action should govern in determining his right of appeal is certain and definite, and more in harmony with the constitutional limitation to the *original* amount in controversy than any other. It is his original claim—the amount to which he would be entitled upon an immediate confession of judgment.

*Id.* at 290 (alteration in original).

The inclusion of prejudgment interest up to the time Ms. Mainer filed her action is all that can be included in the "original amount in controversy" for purposes of determining our jurisdiction under *Ingham.* It does not avail her. Assuming her calculation is correct, principal and prejudgment interest would have amounted to a total of only $183.68 at the time she filed suit, even at a 12 percent rate of interest. Reply Br. at 2.

---

statute." CONST. art. IV, § 30

The second basis on which Ms. Mainer tries to distinguish *Wardrop* is that her prayer for relief included a prayer for injunctive relief. Yet, the allegations of her complaint do not state a claim for injunctive relief on which relief could be granted to Ms. Mainer. As previously observed, she asserts her belief in the complaint that after the superior court's decision in *Wardrop* the city changed the manner in which it processed red light tickets. The only "cause of action" identified in her complaint is unjust enrichment. CP at 9-10. In identifying the "common questions" presented for purposes of certification as a class action, the complaint identifies only (a) whether the city was unjustly enriched by retaining red light infraction fines and (b) whether those paying the infractions are entitled to damages. CP at 8 (Complaint, ¶ 4.6). At best, the complaint suggests that if certified as a class action, class counsel would seek to enjoin collection activity against proposed class members who (unlike Ms. Mainer) have not yet paid their fines. *See* CP at 10 (Complaint, ¶ 5.5). The present appeal is only of the claim asserted and relief being requested by Ms. Mainer, however, since no class was ever certified.

In determining what is at issue *monetarily* as limiting the right of appeal, it is "well established" that we look to the averments of the pleadings, not the demand for judgment. *Ingham*, 71 Wash. at 286-87 (citing cases). Were that not so, "any claim for a judgment which could not possibly be obtained under the pleadings would permit an appeal." *Doty v. Krutz*, 13 Wash. 169, 170, 43 P. 17 (1895). The same approach is warranted when looking at whether something other than the amount of the claim brings

7

appeal of a civil action within the jurisdiction of this court. Here, no injunction could possibly be obtained for Ms. Mainer based on the allegations of her complaint. The inclusion of an unexplained and unsupported request for injunctive relief in her demand for judgment is insufficient to provide a basis for appeal.

The appeal is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.