IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CHRIS WILLIAMS, individually and on behalf of all similarly situated, | ) ) ) | No. 36508-5-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| CITY OF SPOKANE; and AMERICAN TRAFFIC SOLUTIONS, INC, a foreign corporation, | ) ) ) ) | |
| Petitioners. | ) ) | |

FEARING, J. — This case presents the principal question of whether a citizen may later challenge, in a superior court action, a ticket for allegedly speeding within a school zone when the citizen paid the traffic fine but later contends that he had not yet entered a lawful school zone. Appellant Chris Williams sues for money damages for the amount of the ticket and for declaratory and injunctive relief to preclude the City of Spokane from

issuing speeding tickets outside the school zone. We reverse the superior court's denial

of the City of Spokane's summary judgment motion to dismiss the lawsuit. We hold that,

to obtain any monetary relief, Williams must seek to vacate the judgment for the ticketed

amount in the municipal court. We further hold that, since Williams does not allege that

he might drive near the school speed zone in the future, he lacks standing for declaratory

and injunctive relief.

FACTS

This appeal arises from respondent City of Spokane issuing a speeding infraction

to appellant Chris Williams as a result of respondent American Traffic Solutions, Inc.

(ATS) capturing Williams on a photograph while Williams allegedly sped in a school

zone. Years of facts precede the issuance of the infraction.

On May 18, 1989, the City of Spokane established a 20 m.p.h. school speed limit

zone along Nevada Street and adjacent to Longfellow Elementary School. The zone

extended 300 feet north of the location of a marked school crosswalk on Empire Avenue

near its intersection with Nevada Street.

In 2008, the City of Spokane obtained a grant to install seventy twenty-mile-per-

hour school speed limit signs with blinking lights, known as flashing beacons, throughout

Spokane. Spokane chose to erect two of the new flashing beacons at Longfellow

Elementary School including one along Nevada Street north of the school. Instead of

installing the new flashing sign at the spot of the previously posted sign 300 feet from the

crosswalk at Empire Avenue, Spokane positioned the flashing beacon 385 feet from the marked school crosswalk. As a result, Chris Williams claims the city extended the school speed limit zone eight-five feet beyond its lawful boundary.

Robert Turner, a City of Spokane traffic operations engineer, decided to locate the flashing beacon in its current location 385 feet beyond the crosswalk. The installation foreman for the flashing signs, Bob Horrocks, assisted Turner in erecting the beacon.

Robert Turner avowed that he relied on his engineering judgment to determine the location of the Longfellow Elementary School flashing beacon, and he conducted a traffic and engineering investigation before erecting the beacon. Turner based his decision on a number of considerations, including access to power, future installation of photo enforcement equipment, proximity to the curb catch basin, visual obstructions, property owner objections and interests, safety of children, stopping distances before the cross walk, the size of the sign base, and property lines and driveways. Turner did not record these considerations.

Bob Horrocks testified that Robert Turner and he discussed the location for placement of the Longfellow Elementary School flashing beacon sign. Horrocks agreed that Spokane could have erected the new flashing sign at the former location of the sign where the school speed zone began. According to Horrocks, Turner and he chose the current location for the flashing sign because a location closer to the prior sign would have required excavating a portion of the sidewalk. Horrocks declared that Spokane

3

employees did not discuss other considerations for the location of the Longfellow

Elementary School flashing sign.

In 2015, the City of Spokane installed photo-camera enforcement equipment

operated by ATS at various locations throughout the city and in particular in school

zones. The Spokane Police Department and ATS selected the sites of the cameras based

on the number of violations in the speeding zones. Spokane located one of the cameras

near the flashing beacon sign along Nevada Street north of Longfellow Elementary

School.

On March 11, 2016, the City of Spokane issued Chris Williams a notice of

infraction for speeding in the Longfellow Elementary School speed zone in violation of

RCW 46.61.440. The notice alleged that, on March 1 at 3:16 p.m., Williams drove

through the 20 m.p.h. school speed zone at 28 m.p.h. ATS' photo-camera enforcement

equipment captured the purported infraction. Williams claims the photograph captured

him driving within the eighty-five foot window, in which the City of Spokane unlawfully

extended the school speed zone by reason of placing the flashing beacon sign beyond the

three hundred foot zone.

The notice of infraction issued to Chris Williams afforded him the options to pay

the fine, request a hearing to contest or mitigate the infraction, or submit an affidavit of

non-responsibility. Williams initially requested a hearing, and the Spokane Municipal

Court scheduled a hearing. The court then scheduled a new hearing date. Thereafter,

4

Williams paid the $234 fine established by the notice of infraction from fear of increased insurance premiums and worry about the revocation of his driver's license. As a result of Williams paying the fine, the Spokane Municipal Court entered a judgment against him.

PROCEDURE

On April 25, 2018, two years after the City of Spokane issued Chris Williams the notice of infraction, Williams filed a class action lawsuit in superior court against Spokane and ATS. He proposed a class of those issued speeding infractions, like himself, in the eighty-five foot area north of Longfellow Elementary School, beyond the three hundred foot limit permitted for school speed zones. He alleged that the infraction issued to him and others violated the law. Williams alleged:

> Defendants have ticketed plaintiff and over 500 similarly situated individuals who received tickets for alleged speeding in a school zone even though the individuals were not in a designated school zone when the photo was taken upon which the notice of infraction for speeding was based.

Clerk's Papers (CP) at 4. Williams further alleged:

> Defendants have engaged in, and continue to engage in, a common course of issuing notices of infraction to persons who are not speeding in a school zone when photographed by defendants' photo enforcement equipment.

CP at 7. He did not allege that he often travels in the Longfellow Elementary School speed zone or that he feared being ticketed again outside the confines of a three hundred foot zone.

5

Williams asserted a claim for unjust enrichment against the City and ATS for his $234 penalty payment, and he sought restitution of the payment. Williams also sought a judicial declaration that Spokane and ATS are unlawfully issuing speeding tickets in an area outside a school zone. Finally, Williams asked for an injunction precluding the unlawful conduct.

The City of Spokane and ATS filed a joint motion for summary judgment to dismiss all of Chris Williams' claims. The two defendants sought dismissal on four independent grounds. First, the superior court lacked subject matter jurisdiction because any refund must be sought from the Spokane Municipal Court. Second, the voluntary payment doctrine bars the claim for unjust enrichment. Third, the doctrine of res judicata bars all claims because Williams could have raised his contentions in the municipal court at the time of litigation over his infraction. Fourth, on the merits, Spokane acted lawfully when it extended the school speed zone beyond the three hundred foot line from the crosswalk because WAC 468-95-330 permitted a sign to be placed beyond three hundred feet "based on a traffic and engineering investigation." CP at 46. ATS asserted a fifth ground for summary judgment dismissal—that Williams' complaint failed to state a cause of action.

The superior court denied the City of Spokane's and ATS' summary judgment motion. The court ruled that it possessed subject matter jurisdiction over Chris Williams' claims. The court found an issue of fact existed as to whether Chris Williams voluntarily

6

paid his ticket. The court reasoned that the doctrine of res judicata did not preclude the superior court suit because the municipal court did not previously address the length of the speed zone and the propriety of the measurement or extension of zone. Finally, the trial court acknowledged that WAC 468-95-330 permitted a sign to be placed beyond three hundred feet "based on a traffic and engineering investigation." Nevertheless, the court questioned whether differences existed between an investigation and the engineering judgment exercised by Robert Turner for purposes of the regulation.

We granted discretionary review of the superior court's denial of the defendants' summary judgment motion. After granting review, the City of Spokane and ATS moved the court for an order taking judicial notice of Resolution No. 2019-0018, adopted by the Spokane City Council on March 11, 2019, after the denial of its summary judgment motion. The resolution confirmed twenty mile speed limit zones around numerous schools in Spokane, including Longfellow Elementary School. The resolution confirmed the Longfellow Elementary School limit as extending north on Nevada Street to the flashing beacon.

In an October 25, 2019 ruling, our court commissioner considered the motion for judicial notice to be a motion to supplement the record under RAP 9.11(a) and denied the motion. The city's motion did not seek to assert the defense of lack of standing, and the order did not preclude the City of Spokane or ATS from arguing lack of Chris Williams' standing on appeal.

7

LAW AND ANALYSIS

We distinguish, in our analysis, between Chris Williams' claim for unjust

enrichment or damages, on the one hand, and his seeking of declaratory and injunctive

relief, on the other hand. Although we hold that the superior court held subject matter

jurisdiction to award both damages and equitable relief, we rule that Williams' claim for

return of the fine must be brought as a motion to vacate the municipal court judgment in

the Spokane Municipal Court. Williams could proceed with his request for equitable

relief in the superior court except that he lacks standing. Therefore, we reverse for

dismissal of all of Williams' claims.

Although ATS is also party to this appeal, all parties proceed on the basis that

liability against the City of Spokane is a condition precedent to liability against ATS.

Although ATS asserts the same arguments as Spokane on appeal, we write our opinion as

if Spokane is the only appellant. Our rulings in favor of Spokane extend in favor of ATS.

On appeal, the City of Spokane claims, on numerous grounds, that the trial court

erred when denying its summary judgment motion. First, the superior court lacked

subject matter jurisdiction to entertain Chris Williams' claim for a refund of the ticket

penalty. Second, Chris Williams must seek any ticket payment refund from the

municipal court. Third, Chris Williams lacks standing to seek injunctive or declaratory

relief. Fourth, all claims against the city should be dismissed because Williams

voluntarily paid the fine. Fifth, the doctrine of res judicata precludes all claims of

Williams.  Sixth, the City of Spokane lawfully extended the school speed zone three hundred and eighty-five feet beyond Longfellow Elementary School.  We hold that the superior court possessed subject matter jurisdiction to entertain all claims for relief.  Nevertheless, we dismiss Williams' suit because he must seek a refund from the municipal court and because he lacks standing for equitable relief.  We do not address Williams' last three contentions.

Subject Matter Jurisdiction

*Issue 1: Did the superior court possess subject matter jurisdiction over Chris Williams' cause of action for a refund of the fine he paid for the traffic ticket?*

*Answer 1: Yes.*

The City of Spokane argues that the trial court lacked subject matter jurisdiction over Chris Williams' unjust enrichment claim because his sole recourse is to move to vacate the judgment for the traffic infraction in municipal court.  Spokane does not contend that the superior court lacked subject matter jurisdiction for Williams' claims for declaratory and injunctive relief.

Before asking if Chris Williams can otherwise sustain a claim for a refund of his ticket fine, we must decide if the superior court holds subject matter jurisdiction over the claim.  We lack authority to address the other defenses of Spokane if we lack subject matter jurisdiction.  A court must have subject matter jurisdiction in order to decide a case.  *Eugster v. Washington State Bar Association*, 198 Wn. App. 758, 774, 397 P.3d

9

131, 139-40 (2017). Subject matter jurisdiction is the indispensable foundation on which

valid judicial decisions rest, and, in its absence, a court has no power to act. *Eugster v.*

*Washington State Bar Association*, 198 Wn. App. at 774. Nevertheless, a court always

has jurisdiction to determine whether it has jurisdiction over a particular case. *Schwartz*

*v. State*, 136 Haw. 258, 262-63, 361 P.3d 1161 (2015).

A court possesses subject matter jurisdiction when it holds authority to adjudicate

the type of controversy involved in the action. *In re Marriage of McDermott*, 175 Wn.

App. 467, 480-81, 307 P.3d 717 (2013). We conclude that the Washington Constitution

affords the superior court subject matter jurisdiction to entertain not only Chris Williams'

equitable causes of action, but also his request for a monetary award.

The Washington State Constitution vests original jurisdiction with the superior

court, Washington's court of general jurisdiction, unless the claim is within the exclusive

jurisdiction of another court. *Orwick v. City of Seattle*, 103 Wn.2d 249, 251, 692 P.2d

793 (1984). The Washington State Constitution states:

> Superior courts and district courts have concurrent jurisdiction in
> cases *in equity*. The superior court shall have original jurisdiction in all
> cases at law which involve the title or possession of real property, or the
> legality of any tax, impost, assessment, toll, *or municipal fine* . . . The
> superior court shall also have original jurisdiction in all cases and of all
> proceedings in which jurisdiction shall not have been by law vested
> exclusively in some other court.

WASH. CONST. art. IV, § 6 (emphasis added).

10

Chris Williams brings a challenge involving the legality of a municipal fine. He seeks a refund in addition to suing in equity based on Spokane's purported unlawful extension of a school speed zone in violation of statutory requirements. He also alleges a continuous practice of Spokane in issuing traffic infractions for speeding in a school zone for traveling above 20 miles per hour in an area beyond a permissible 300 foot school speed zone. The superior courts have original jurisdiction over claims for equitable relief from alleged system-wide violations of mandatory statutory requirements by a municipal court. *Orwick v. City of Seattle*, 103 Wn.2d 249, 251 (1984). We agree with Williams that the superior court holds subject matter jurisdiction to hear all of his claims.

Spokane references chapter 46.63 RCW and court rules for infractions, when arguing that the superior court lacks subject matter jurisdiction to hear Chris Williams' cause of action for a refund of his traffic fine. We add to this list RCW 35.20.030. The latter statute reads, in pertinent part:

> The municipal court shall have jurisdiction to try violations of all city ordinances and all other actions brought to enforce or recover license penalties or forfeitures declared or given by any such ordinances. . . . All civil and criminal proceedings in municipal court, and judgments rendered therein, shall be subject to review in the superior court by writ of review or on appeal: PROVIDED, That an appeal from the court's determination or order in a traffic infraction proceeding may be taken only in accordance with RCW 46.63.090(5).

The legislature enacted chapter 46.63 RCW "to facilitate the implementation of a uniform and expeditious system for the disposition of traffic infractions."

11

RCW 46.63.010. RCW 46.63.070(3) provides in part:

> If the person determined to have committed the infraction wishes to contest the determination the person shall respond by completing the portion of the notice of infraction requesting a hearing and submitting it, either by mail or in person, to *the court specified on the notice*.

Under RCW 46.63.090, a challenge to a notice of an infraction "shall be without a jury," and a subsequent "appeal from the court's determination or order shall be to the superior court." RCW 46.63.090(5).

RCW 46.63.080 authorizes the state Supreme Court to establish rules for the conduct of traffic infraction hearings. In 1992, the high court adopted the Infraction Rules for Courts of Limited Jurisdiction (IRLJ). IRLJ 1.1 states:

> (a) Scope of rules. These rules govern the procedure in courts of limited jurisdiction for all cases involving "infractions." Infractions are noncriminal violations of law defined by statute.
> (b) Purpose. These rules shall be construed to secure the just, speedy, and inexpensive determination of every infraction case.

According to the infraction rules, "[a] motion to waive or suspend a fine, or to convert a penalty to community restitution, or to vacate a judgment is governed by CRLJ 60(b)." IRLJ 6.7(a). The Civil Rules for Courts of Limited Jurisdiction, section 60(b) permits relief from a judgment for a number of reasons including when "[t]he judgment is void." CRLJ 60(b)(5).

We reject the City of Spokane's argument that chapter 46.63 RCW and IRLJ 1.1 remove subject matter jurisdiction from the superior court to hear Chris Williams'

complaint. We also rule that RCW 35.20.030 does not rid the superior court of jurisdiction to entertain a request for a refund of a ticket fine or to challenge ongoing enforcement of an ordinance. A municipal court does not have exclusive jurisdiction merely because the factual basis for the claim relates to enforcement of a municipal ordinance. *Orwick v. City of Seattle*, 103 Wn.2d 249, 252 (1984). The legislature cannot remove or modify the constitution's grant of original jurisdiction to the superior court.

Chapter 46.63 RCW and IRLJ address procedures to be followed when contesting a traffic ticket and seeking to vacate a judgment for an infraction. Recent decisions of the United States Supreme Court, the Washington State Supreme Court, and this court have recognized confusion resulting from earlier courts' use of the word "jurisdiction" or the phrase "subject matter jurisdiction" to extend to concepts other than subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998); *Marley v. Department of Labor & Industries*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994); *In re Estate of Reugh*, 10 Wn. App. 2d 20, 47-48, 447 P.3d 544, 560 (2019), *review denied*, 194 Wn.2d 1018, 455 P.3d 128 (2020); *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 208, 258 P.3d 70 (2011). Subject matter jurisdiction simply refers to the court, in which a party files a suit or a motion, being a correct court for the type of suit or character of a motion. *In re of Estate of Reugh*, 10 Wn. App. 2d at 48. The critical concept in determining whether a court has subject matter jurisdiction is the "type of controversy." *Marley v. Department of Labor &*

13

*Industries*, 125 Wn.2d at 539 (1994); *In re Marriage of McDermott*, 175 Wn. App. at

480-81 (2013). If the type of controversy is within the subject matter jurisdiction, then

all other defects or errors go to something other than subject matter jurisdiction. *Marley*

*v. Department of Labor & Industries*, 125 Wn.2d at 539. "Type" means the general

category without regard to the facts of the particular case. *Dougherty v. Department of*

*Labor & Industries*, 150 Wn.2d 310, 317, 76 P.3d 1183 (2003). "Type" refers to the

nature of a case and the kind of relief sought. *State v. Barnes*, 146 Wn.2d 74, 85, 43 P.3d

490 (2002).

Chris Williams' failure to follow the statutory procedures for seeking a refund of

his traffic fine does not rid the superior court of subject matter jurisdiction of his cause of

action. Jurisdiction of the superior court does not depend on compliance with all

statutory procedural requirements. *Dougherty v. Department of Labor & Industries*, 150

Wn.2d at 315. Unless mandated by the clear language of a statute, Washington courts

decline to interpret a statute's procedural requirements as jurisdictional. *Dougherty v.*

*Department of Labor & Industries*, 150 Wn.2d at 317; *In re Estate of Reugh*, 10 Wn.

App. 2d 20, 50 (2019).

We question whether Chris Williams' causes of action even arise from a City of

Spokane ordinance. Williams' claims rely primarily on state statutes, RCW 46.61.050

and .440, that allow a school speed zone to extend only three hundred feet unless the city

14

complies with certain procedures.  Williams also relies on the due process clause.  He does not claim the city violated any of its ordinances.

Refund of Traffic Crime

*Issue 2: Whether the superior court should entertain Chris Williams' demand for a refund of his traffic ticket fine?*

*Answer 2: No.*

Our holding that the superior court holds subject matter jurisdiction to entertain Chris Williams' suit does not preclude us from dismissing the suit on other grounds.  The City also contends that, even if the superior court holds original jurisdiction, the legislature adopted a procedure which Chris Williams must employ when seeking to vacate his fine.  We agree.  This argument would not, however, preclude Williams from pursuing his equitable relief.

The legislature may enact statutory procedures diverting the superior courts' jurisdiction into an alternative procedure that a party must use to challenge a municipal fine.  *New Cingular Wireless PCS v. City of Clyde Hill*, 185 Wn.2d 594, 600, 374 P.3d 151 (2016).  The legislature may restrict motions to vacate judgments in municipal courts to the court that issued the judgment.  *Doe v. Fife Municipal Court*, 74 Wn. App. 444, 454, 874 P.2d 182 (1994).  We follow these principles and hold that Chris Williams must follow the procedures for vacating a judgment found in chapter 46.63 RCW, IRLJ 1.1, and CRLJ 60(b).  We already outlined those procedures.

15

We deem *Doe v. Fife Municipal Court*, 74 Wn. App. 444 (1994) dispositive. In *Doe v. Fife Municipal Court*, a gathering of anonymous plaintiffs sued, in superior court, numerous courts of limited jurisdiction for recovery of court costs they earlier paid as a condition of deferred prosecutions. To receive deferred prosecution, the Does paid court costs and entered alcohol treatment programs. None of the Does appealed the orders granting their petitions for deferred prosecution, which orders imposed the costs. When later filing suit in superior court, the Does argued that RCW 10.05 did not permit the imposition of the costs as a condition to deferred prosecution, and, therefore, the superior court should order refunds and impose injunctive relief precluding further collection of the costs. The superior court granted summary judgment to the courts of limited jurisdiction. According to the superior court, the Does needed to appeal the fines or move to vacate them pursuant to the Criminal Rules for Courts of Limited Jurisdiction, CrRLJ 7.8(b)(4). The court also denied the motion for injunctive relief as the courts of limited jurisdiction were already on notice, pursuant to recent case law, that imposition of such costs was impermissible.

On appeal, in *Doe v. Fife Municipal Court*, this court agreed with the Does that portions of the orders imposing costs were void. This reviewing court, however, agreed with the courts of limited jurisdiction that the Does' failure to appeal the costs barred them from bringing their claims in the superior court as an independent action. The exclusive remedy to attack the void judgment was to return to the respective courts of

16

limited jurisdiction pursuant CrRLJ 7.8(b)(4), which addressed the method to vacate a void judgment. Judicial resources are employed more efficiently if the party who asserts a judgment as being void is first required to address its concerns to the court that issued the judgment. If the litigant is dissatisfied with the municipal court's refusal to vacate a judgment, the litigant may then appeal to the superior court.

The Does, in *Doe v. Fife Municipal Court*, argued that returning to the courts of limited jurisdiction would prevent large number of litigants who had also had similar costs imposed on them from obtaining effective relief. They argued, among other things, that the courts could not award injunctive relief or hear class action lawsuits. Chris Williams repeats these same arguments. The *Doe* court rejected these arguments by answering that the courts would be able to provide relief to each litigant even if a class action could not be maintained. Further the court rejected the argument that the numbers of litigants would overburden the courts.

Standing for Declaratory and Injunctive Relief

*Issue 3: Whether the City of Spokane is precluded from arguing lack of standing because on our court commissioner ruling?*

*Answer 3: No.*

In addition to seeking a refund of his fine, Chris Williams seeks a declaratory ruling that the issuance of tickets beyond the three hundred foot distance from Longfellow Elementary School is unlawful. In turn, Williams asks for an injunction

17

precluding Spokane from issuing tickets within the eighty-five foot zone extending to the flashing beacon. On appeal, the City of Spokane argues that Chris Williams lacks standing to seek equitable relief because he does not allege that he will travel through the Longfellow Elementary School speed zone nor alleges that he fears being ticketed again. In response, Williams contends that a ruling by the court commissioner precludes the raising of this defense and that the city did not raise this defense before the superior court such that it cannot raise the defense for the first time on appeal.

We reject Chris Williams' contention that the court commissioner's ruling precluded the raising of the defense of lack of standing. Williams references an October 25, 2019 ruling, we outlined above. The ruling denied Spokane's request to supplement the record with a recent Spokane City Council resolution that confirmed the extent of the twenty mile per hour school speed limit zone extending north of Longfellow Elementary School on Nevada Street to the flashing beacon. We agree that the court commissioner ruling bars the City of Spokane from relying on the city council resolution in this appeal, but Spokane can argue lack of standing without referring to the resolution.

*Issue 4: Whether the claimant must hold standing for the courts to possess subject matter jurisdiction?*

*Answer 4: No.*

The City of Spokane concedes it did not argue before the superior court that Chris

Williams lacked standing to seek declaratory or injunctive relief. RAP 2.5(a) declares, in

material part:

> *Errors Raised for First Time on Review.* The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of *trial court jurisdiction*. . . . A party or the court may raise at any time the question of *appellate court jurisdiction*. A party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground.

(Emphasis added.)

A party may generally not raise a new argument on appeal that the party did not

present to the trial court. *In re Detention of Ambers*, 160 Wn.2d 543, 557 n.6, 158 P.3d

1144 (2007). To avoid the application of this rule, the City of Spokane contends that lack

of standing rids the court of subject matter jurisdiction. RAP 2.5(a) does not expressly

allow the Court of Appeals to review a standing argument for the first time on appeal.

The rule, however, permits the Court of Appeals to review a claimed error asserted for

the first time on appeal if the error relates to the trial court's jurisdiction. We hold that

standing does not implicate either the superior court's or this court's subject matter

jurisdiction.

The concept of standing arises from the context of federal courts. The United

States Constitution limits the jurisdiction of federal courts. Philip A. Talmadge,

19

*Understanding the Limits of Power: Judicial Restraint in General Jurisdiction Court Systems*, 22 SEATTLE U. L. REV. 695, 718 (1999). Article III, section 2 of the federal constitution lists limited types of cases to be heard by the federal judiciary. Therefore, standing, in federal courts, is always required for subject matter jurisdiction, and a federal court must examine jurisdiction if the parties fail to raise the issue. *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990).

Washington courts do not face such constitutional limitations. Washington Constitution article IV, section 6 affords state superior courts with jurisdiction, not only in certain types of cases but "in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." Thus, superior courts and, in turn, Washington appellate courts hold general jurisdiction. The only limit to Court of Appeals' jurisdiction is the controversy exceeding $200. Washington Constitution article IV, section 4; RCW 2.06.030; *City of Spokane v. Wardrop*, 165 Wn. App. 744, 746, 267 P.3d 1054 (2011).

Washington decisions conflict as to whether standing looms as a prerequisite to superior court jurisdiction. Under one line of decisions, absent a party with standing, courts lack jurisdiction to consider a dispute. *Knight v. City of Yelm*, 173 Wn.2d 325, 336, 267 P.3d 973 (2011); *High Tide Seafoods v. State*, 106 Wn.2d 695, 702, 725 P.2d

20

411 (1986); *In re Estate of Alsup*, 181 Wn. App. 856, 875, 327 P.3d 1266 (2014); *Postema v. Snohomish County*, 83 Wn. App. 574, 579, 922 P.2d 176 (1996).

Other decisions stand for the proposition that a plaintiff's lack of standing does not remove subject matter jurisdiction from the superior court. *Trinity Universal Insurance Co. of Kansas v. Ohio Casualty Insurance Co.*, 176 Wn. App. 185, 198-99, 312 P.3d 976 (2013); *Donlin v. Murphy*, 174 Wn. App. 288, 293 n.7, 300 P.3d 424 (2013). Whether a court has authority to act is determined independent of any inquiry into a petitioner's standing to initiate judicial review. *Durland v. San Juan County*, 175 Wn. App. 316, 325 n.5, 305 P.3d 246 (2013), *aff'd*, 182 Wn.2d 55, 340 P.3d 191 (2014). Article IV, section 6 of the Washington Constitution does not exclude any sort of causes from the jurisdiction of its superior courts, leaving Washington courts, by contrast with federal courts, with few constraints on their jurisdiction. *Ullery v. Fulleton*, 162 Wn. App. 596, 604, 256 P.3d 406 (2011). Therefore, a defendant may waive the defense that a plaintiff lacks standing. *Ullery v. Fulleton*, 162 Wn. App. at 604.

In *In re Estate of Reugh*, 10 Wn. App. 2d 20 (2019), this court reviewed the contrary lines of authority on standing being an element of subject matter jurisdiction. We concluded that, because of the nature of state courts, standing is not a prerequisite for subject matter jurisdiction. We abide by this holding.

*Issue 5: Whether this court should entertain the city's defense of standing notwithstanding the defense not impacting the court's jurisdiction?*

21

*Answer 5: Yes.*

Chris Williams asks this court, even if we hold subject matter jurisdiction, to still refuse review of the City of Spokane's assertion of lack of standing since Spokane never raised the defense before the superior court. RAP 2.5(a) begins our review of Williams' request to deny review. To repeat, the first sentence of the rule declares:

> Errors Raised for First Time on Review. The appellate court *may refuse* to review any claim of error which was not raised in the trial court.

(Emphasis and boldface omitted.)

Generally, issues not raised in the trial court may not be raised for the first time on appeal. RAP 2.5(a); *State v. Nitsch*, 100 Wn. App. 512, 519, 997 P.2d 1000 (2000). Good sense lies behind this requirement. The prerequisite affords the trial court an opportunity to rule correctly on a matter before it can be presented on appeal. *State v. Strine*, 176 Wn.2d 742, 749, 293 P.3d 1177 (2013). The theory of preservation by timely objection also addresses several other concerns. The rule serves the goal of judicial economy by enabling trial courts to correct mistakes and thereby obviate the needless expense of appellate review and further trials. *State v. Strine*, 176 Wn.2d at 749-50; *State v. Scott*, 110 Wn.2d 682, 685-86, 757 P.2d 492 (1988). The rule also facilitates appellate review by ensuring that a complete record of the issues will be available. *State v. Strine*, 176 Wn.2d at 749-50; *State v. Scott*, 110 Wn.2d at 688.

22

While appellate courts normally decline to review issues raised for the first time on appeal, RAP 2.5(a) grants appellate courts discretion to accept review of claimed errors not appealable as a matter of right. *State v. Blazina*, 182 Wn.2d 827, 834-35, 344 P.3d 680 (2015); *State v. Russell*, 171 Wn.2d 118, 122, 249 P.3d 604 (2011). Appellate courts hold discretion to review new issues. *State v. Blazina*, 182 Wn.2d at 835. RAP 2.5(a)'s use of the term "may" indicates that it is a discretionary decision to refuse review. *State v. Russell*, 171 Wn.2d at 122; *Roberson v. Perez*, 156 Wn.2d 33, 39, 123 P.3d 844 (2005).

Similar to an inconsistent line of Washington authority on the question of whether standing implicates the court's subject matter jurisdiction, Washington courts have ruled incompatibly whether a party waives a challenge to the opponent's standing on appeal when failing to assert the defense in the superior court. The following decisions hold or mention that the challenger to standing may raise the challenge for the first time on appeal. *International Association of Firefighters, Local 1789 v. Spokane Airports*, 146 Wn.2d 207, 212-13 n.3, 45 P.3d 186, 50 P.3d 618 (2002); *Forbes v. Pierce County*, 5 Wn. App. 2d 423, 433 n.1, 427 P.3d 675 (2018); *Jevne v. Pass, LLC*, 3 Wn. App. 2d 561, 565, 416 P.3d 1257 (2018); *In re Estate of Alsup*, 181 Wn. App. at 875(2014); *Roberson v. Perez*, 119 Wn. App. 928, 933, 83 P.3d 1026 (2004), *aff'd*, 156 Wn.2d 33, 123 P.3d 844 (2005); *Mitchell v. John Doe*, 41 Wn. App. 846, 848, 706 P.2d 1100 (1985). Under this line of cases, an appellate court can even raise the issue on its own. *In re Recall of*

*West*, 156 Wn.2d 244, 248, 126 P.3d 798 (2006); *Branson v. Port of Seattle*, 152 Wn.2d 862, 875 n.6, 101 P.3d 67 (2004).

Other Washington cases hold that standing is waived and should not be considered for the first time on appeal. *State v. Cardenas*, 146 Wn.2d 400, 405, 47 P.3d 127, 57 P.3d 1156 (2002); *Tyler Pipe Industries, Inc. v. Department of Revenue*, 105 Wn.2d 318, 327, 715 P.2d 123 (1986), *vacated*, 483 U.S. 232, 107 S. Ct. 2810, 97 L. Ed. 2d 199 (1987); *Baker v. Teachers Insurance & Annuities Association College Retirement Equity Funds (TIAA-CREF)*, 91 Wn.2d 482, 484, 588 P.2d 1164 (1979); *Ahmad v. Town of Springdale*, 178 Wn. App. 333, 340, 314 P.3d 729 (2013), *review granted and case dismissed*, 180 Wn.2d 1013, 327 P.3d 55 (2014); *Krause v. Catholic Community Services*, 47 Wn. App. 734, 748, 737 P.2d 280 (1987). A plaintiff's right to sue cannot be objected to for the first time on appeal. *Bittrick v. Consolidated Improvement Co.*, 51 Wn. 469, 470, 99 P. 303 (1909). Presumably this line of authority would still permit the appellate court, at its discretion, to review the defense of standing asserted for the first time on appeal.

Recently in *In re Estate of Reugh*, 10 Wn. App. 2d 20 (2019), this court refused to review co-personal-representatives' challenge to the moving party's standing to seek removal of the personal representatives because the co-personal-representatives failed to raise the question with the superior court. We deemed the policies behind demanding that a litigant assert an argument in the trial court before raising the contention on appeal

24

applied with force in the appeal. Assuming the co-personal-representatives were correct, the superior court could have summarily dismissed the motion for removal. A timely assertion of the contention would have conserved resources.

Countervailing considerations control our decision whether to review standing in the City of Spokane's appeal. Assuming we refused to address Chris Williams' standing to assert equitable relief, we would need to decide other difficult questions on appeal. Assuming we reviewed the other issues and affirmed the superior court, this proceeding would return to the superior court for additional hearings, if not a trial. On remand to the superior court, Spokane could likely assert the defense of lack of standing because the proceeding was in its initial stages when the trial court denied the defense's summary judgment motion. Whatever ruling the superior court issued on the merits as to standing, that ruling would return to this appellate court for a decision on the merits. The parties have already presented their arguments about standing, and the court asked questions, during oral argument, about Williams' standing. After oral argument, this court asked additional questions concerning standing. For these reasons, we exercise our discretion to review for the first time on appeal whether Chris Williams possessed standing to seek declaratory and injunctive relief.

*Issue 6: Does Chris Williams hold standing to assert his request for declaratory relief?*

*Answer 6: No.*

25

The City of Spokane contends that Chris Williams lacks standing for his claim for

declaratory relief for several reasons. First, he lacks standing because he cannot sustain a

claim for monetary damages in this suit. Second, because the Spokane City Council has

since adopted Resolution No. 2019-0018 that extends the school speed zone the

additional eighty-five feet, the city has corrected any legal impediment to enforcing the

speed limit north to the flashing beacon. This second contention falls more under the

rubric of mootness, not standing. Third, Williams does not allege that he ever drives

through the Longfellow Elementary School school speed zone anymore. We reject the

second argument because our court commissioner previously precluded the contention.

We adopt the city's third argument.

To state a claim for declaratory judgment, Williams must show:

> "(1) . . . an actual, present and existing dispute, or the mature seeds of
> one, as distinguished from a possible, dormant, hypothetical, speculative, or
> moot disagreement, (2) between parties having genuine and opposing
> interests, (3) which involves interests that must be direct and substantial,
> rather than potential, theoretical, abstract or academic, and (4) a judicial
> determination of which will be final and conclusive."

*League of Education Voters v. State*, 176 Wn.2d 808, 816, 295 P.3d 743 (2013)

(alteration in original) (quoting *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27

P.3d 1149 (2001)). Thus, the traditional limiting doctrines of standing, mootness, and

ripeness apply to declaratory claims. *To-Ro Trade Shows v. Collins*, 144 Wn.2d at 411

(2001). The standing doctrine enforces elements two and three of the four-part test.

To possess standing for declaratory relief against conduct of a municipal corporation, the claimant must show he will suffer "injury in fact," economic or otherwise, by the challenged action. *Grant County Fire Protection District No. 5 v. City of Moses Lake*, 150 Wn.2d 791, 802, 83 P.3d 419 (2004); *Save a Valuable Environment v. City of Bothell*, 89 Wn.2d 862, 866, 576 P.2d 401 (1978). Chris Williams does not allege in his complaint, nor contend on appeal, that he will ever again drive along Longfellow Elementary School, let alone within the alleged eighty-five foot unlawful extension of the school speed zone. Thus, he does not show any potential injury.

Chris Williams relies on *Orwick v. City of Seattle*, 103 Wn.2d 249 (1984), when arguing that he possesses standing to seek declaratory relief. In *Orwick v. City of Seattle*, three motorists brought claims for declaratory and injunctive relief as well as damages in superior court stemming from traffic citations issued by the city. The motorists alleged that the procedures used by the municipal court to adjudicate the citations violated RCW 46.63 and that poorly trained officers using inaccurate radar equipment ticketed motorists. The municipal court dismissed the traffic citations before any hearing. The superior court dismissed the civil suit, including the claims for declaratory and injunctive relief, in part for lack of jurisdiction. The Supreme Court disagreed with this ruling. Because system-wide violations as well as alleged violations of constitutional rights were at issue, the superior court enjoyed jurisdiction over the equitable claims. The Supreme Court dismissed the claims anyway because of mootness.

27

*Orwick v. City of Seattle* does not aid Chris Williams in arguing standing. In *Orwick*, the Supreme Court did not address whether the plaintiffs held standing. Nevertheless, if anything, the *Orwick* decision harms Williams. The Supreme Court dismissed the ticketed plaintiffs' claims for declaratory and injunctive relief because the city had dismissed the notices of infractions such that the claims for relief were moot. Williams pled guilty to the traffic infraction such that he no longer has an active dispute with the City of Spokane, or, at least, any active dispute must be resolved in municipal court.

Chris Williams suggests that the fact that he paid his ticket gives him standing to seek a declaratory judgment. We reject this argument because the contention conflicts with our decision that Williams must reverse any ticket penalty by bringing a motion to vacate in the municipal court judgment. Suing for declaratory relief that the fine was unlawful is an indirect attack on the municipal court judgment. Williams cannot assert any legal harm that would give him standing unless and until he shows that the judgment should be vacated. Williams cites no authority that one has standing to sue for a declaration that his ticket was void when he has a pending judgment in another court that declares he owed the penalty attended to the ticket.

Chris Williams cites *New Cingular Wireless, PCS v. City of Clyde Hill*, 185 Wn.2d at 606-07 (2016), to argue that pursuant to RCW 7.24.010 superior courts have "the power to declare rights, status, and other legal relations *whether or not further relief*

*is or could be* claimed." (Emphasis added). In *New Cingular Wireless*, the city did not assert the defenses of mootness or standing. New Cingular Wireless sought a refund of taxes paid, not the refund of a judgment paid.

*Issue 7: Does Chris Williams hold standing to assert his request for injunctive relief?*

*Answer 7: No.*

Standing requirements for injunctive relief parallel standing rules for declaratory relief. One seeking an injunction must show a clear legal or equitable right and a well-grounded fear of immediate invasion of that right. *Osborn v. Grant County By & Through Grant County Commissioners*, 78 Wn. App. 246, 248, 896 P.2d 111 (1995), *aff'd in part, rev'd in part on other grounds,* 130 Wn.2d 615, 926 P.2d 911 (1996).

Chris Williams does not allege any immediate invasion of a right to be charged for speeding only in a lawful school speed zone. He fails to assert that he often travels in the Longfellow Elementary School speed zone or that he fears being ticketed again outside the confines of a three hundred foot lawful zone.

## CONCLUSION

We reverse the superior court's denial of the summary judgment motion brought by the City of Spokane and ATS. We grant dismissal of all claims asserted against both defendants.

No. 36508-5-III
*Williams v. City of Spokane*


A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, C.J.